#28750-2196-RLG

## MARSHALL DENNEHEY
**WARNER COLEMAN & GOGGIN**
*Attorney of Record:  Richard L. Goldstein, Esq.*
15000 Midlantic Drive ♦ Suite 200
P.O. Box 5429
Mount Laurel, NJ  08054
☎856-414-6000   ♦   🖷856-414-6077   ♦   ✉ rlgoldstein@mdwcg.com
Attorney for Defendant, Tiger Inn

### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY
### *(Trenton Vicinage)*

| | |
|---|---|
| JOHN DOE,<br><br>                    Plaintiff<br><br>*vs.*<br><br>THE TRUSTEES OF PRINCETON UNIVERSITY, TIGER INN, MICHELE MINTER, REGAN HUNT CROTTY, JOYCE CHEN SHUEH, and EDWARD WHITE,<br><br>                    Defendants. | C.A. No. 3:19-cv-12577-BRM-LHG<br><br><br>***ANSWER TO PLAINTIFF'S COMPLAINT WITH CROSSCLAIMS, SEPARATE DEFENSES AND JURY DEMAND*** |

Defendant, Tiger Inn, by way of Answer to Plaintiff's Complaint, says:

1.      The allegations contained in paragraph 1 are denied.

2.      To the extent that Plaintiff is asserting allegations of fact against this Defendant, same are denied.  The remaining allegations contained in paragraph 2 pertain to a co-Defendant for which no response is required.

3.      The allegations contained in paragraph 3 are denied.

4.      To the extent the allegations contained in paragraph 4 pertain to a co-Defendant, no response is required; but, insofar as they may be intended to purport to set forth a claim for relief against this Defendant, they are denied.

5.      Admitted in part, denied in part.  It is admitted that Plaintiff was a sophomore Bickeree of the Tiger Inn.  All remaining allegations contained in paragraph 5 are denied.

6.      Answering Defendant is without sufficient knowledge or information to form a belief as to the truth of the averments in this paragraph and, therefore, no response is required. Plaintiff is put to his proofs.  However, Answering Defendant denies Plaintiff was highly intoxicated at the Tiger Inn or that he had been told to do whatever upperclassmen said.

7.       Answering Defendant is without sufficient knowledge or information to form a belief as to the truth of the averments in this paragraph and, therefore, no response is required. Plaintiff is put to his proofs.

8.      Upon information and belief, the allegations contained in paragraph 8 are denied.

9.      Upon information and belief, it is admitted that the individual identified as Jane Roe filed a Title IX Complaint against the Plaintiff and that Plaintiff filed a Cross-Complaint. Answering Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining averments in this paragraph and, therefore, no response is required. Plaintiff is put to his proofs.

10.     The allegations contained in paragraph 10 pertain to a co-Defendant for which no response is required; but, insofar as they may be intended to purport to set forth a claim for relief against this Defendant, they are denied.

11.     The allegations contained in paragraph 11 pertain to a co-Defendant for which no response is required; but, insofar as they may be intended to purport to set forth a claim for relief against this Defendant, they are denied.

12.     The allegations contained in paragraph 12 pertain to a co-Defendant for which no response is required; but, insofar as they may be intended to purport to set forth a claim for relief against this Defendant, they are denied.

13.     The allegations contained in paragraph 13 pertain to a co-Defendant for which no response is required; but, insofar as they may be intended to purport to set forth a claim for relief against this Defendant, they are denied.

14.     The allegations contained in paragraph 14 pertain to a co-Defendant for which no response is required; but, insofar as they may be intended to purport to set forth a claim for relief against this Defendant, they are denied.

15.     The allegations contained in paragraph 15 pertain to a co-Defendant for which no response is required; but, insofar as they may be intended to purport to set forth a claim for relief against this Defendant, they are denied.

16.     The allegations contained in paragraph 16 pertain to a co-Defendant for which no response is required; but, insofar as they may be intended to purport to set forth a claim for relief against this Defendant, they are denied.

17.     The allegations contained in paragraph 17 pertain to a co-Defendant for which no response is required; but, insofar as they may be intended to purport to set forth a claim for relief against this Defendant, they are denied.

18.     The allegations contained in paragraph 18 pertain to a co-Defendant for which no response is required; but, insofar as they may be intended to purport to set forth a claim for relief against this Defendant, they are denied.

LEGAL/123928710.v1

19.     The allegations contained in paragraph 19 pertain to a co-Defendant for which no response is required; but, insofar as they may be intended to purport to set forth a claim for relief against this Defendant, they are denied.

20.     The allegations contained in paragraph 20 pertain to a co-Defendant for which no response is required; but, insofar as they may be intended to purport to set forth a claim for relief against this Defendant, they are denied.

21.     The allegations contained in paragraph 21 pertain to a co-Defendant for which no response is required; but, insofar as they may be intended to purport to set forth a claim for relief against this Defendant, they are denied.

22.     The allegations contained in paragraph 22 pertain to a co-Defendant for which no response is required; but, insofar as they may be intended to purport to set forth a claim for relief against this Defendant, they are denied.

### *THE PARTIES*

1.(sic).   Answering Defendant is without sufficient knowledge or information to form a belief as to the truth of the averments in this paragraph and, therefore, no response is required. Plaintiff is put to his proofs.

23.     The allegations contained in paragraph 23 pertain to a co-Defendant for which no response is required; but, insofar as they may be intended to purport to set forth a claim for relief against this Defendant, they are denied.

24.     It is admitted that the Defendant is managed by a graduate Board, undergraduate officers, and a Club Manager and Chef.  It is further admitted that the Tiger Inn is located at 48 Prospect Avenue in Princeton.

-4-

25.     The allegations contained in paragraph 25 pertain to a co-Defendant for which no response is required; but, insofar as they may be intended to purport to set forth a claim for relief against this Defendant, they are denied.

26.     The allegations contained in paragraph 26 pertain to a co-Defendant for which no response is required; but, insofar as they may be intended to purport to set forth a claim for relief against this Defendant, they are denied.

27.     The allegations contained in paragraph 27 pertain to a co-Defendant for which no response is required; but, insofar as they may be intended to purport to set forth a claim for relief against this Defendant, they are denied.

28.     The allegations contained in paragraph 28 pertain to a co-Defendant for which no response is required; but, insofar as they may be intended to purport to set forth a claim for relief against this Defendant, they are denied.

## *JURISDICTION AND VENUE*

29.     The allegations contained in paragraph 29 set forth conclusions of law for which no response is required.  To the extent that Plaintiff is asserting allegations of fact, same are denied.  Furthermore, answering Defendant denies any violations of Federal or State law intended to be asserted against it.

30.     The allegations contained in paragraph 30 set forth conclusions of law for which no response is required.  To the extent that Plaintiff is asserting allegations of fact, same are denied.  Furthermore, answering Defendant denies any violations of Federal or State law intended to be asserted against it.

31.     The allegations contained in paragraph 31 pertain to co-Defendants for which no response is required.  Furthermore, answering Defendant is without sufficient knowledge or

-5-

information to form a belief as to the truth of the averments in this paragraph and, therefore, no response is required.  Plaintiff is put to his proofs.

32.     The allegations contained in paragraph 32 set forth conclusions of law for which no response is required; but, insofar as they may be intended to purport to set forth a claim for relief against this Defendant, they are denied.

### *FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS*

33.     To the extent the allegations contained in paragraph 33 refer to a written document, which was not attached to Plaintiff's Complaint, such document speaks for itself and no further response is required.  Answering Defendant denies any and all factual allegations contained in this paragraph.

34.     To the extent the allegations contained in paragraph 34 refer to a written document, which was not attached to Plaintiff's Complaint, such document speaks for itself and no further response is required.  Answering Defendant denies any and all factual allegations contained in this paragraph.

35.     To the extent the allegations contained in paragraph 35 refer to a written document, which was not attached to Plaintiff's Complaint, such document speaks for itself and no further response is required.  Answering Defendant denies any and all factual allegations contained in this paragraph.

36.     To the extent the allegations contained in paragraph 36 refer to a written document, which was not attached to Plaintiff's Complaint, such document speaks for itself and no further response is required.  Answering Defendant denies any and all factual allegations contained in this paragraph.

37.     To the extent the allegations contained in paragraph 37 refer to a written document, which was not attached to Plaintiff's Complaint, such document speaks for itself and no further response is required.  Answering Defendant denies any and all factual allegations contained in this paragraph.

38.     To the extent the allegations contained in paragraph 38 refer to a written document, which was not attached to Plaintiff's Complaint, such document speaks for itself and no further response is required.  Answering Defendant denies any and all factual allegations contained in this paragraph.

39.     To the extent the allegations contained in paragraph 39 refer to a written document, which was not attached to Plaintiff's Complaint, such document speaks for itself and no further response is required.  Answering Defendant denies any and all factual allegations contained in this paragraph.

40.     Answering Defendant is without sufficient knowledge or information to form a belief as to the truth of the averments in this paragraph and, therefore, no response is required.

41.     To the extent the allegations contained in paragraph 41 refer to a written document, which was not attached to Plaintiff's Complaint, such document speaks for itself and no further response is required.  Answering Defendant denies any and all factual allegations contained in this paragraph.

42.     To the extent the allegations contained in paragraph 42 refer to a written document, which was not attached to Plaintiff's Complaint, such document speaks for itself and no further response is required.  Answering Defendant denies any and all factual allegations contained in this paragraph.

-7-

43. To the extent the allegations contained in paragraph 43 refer to a written document, which was not attached to Plaintiff's Complaint, such document speaks for itself and no further response is required. Answering Defendant denies any and all factual allegations contained in this paragraph.

44. To the extent the allegations contained in paragraph 44 refer to written testimony, which was not attached to Plaintiff's Complaint, such testimony speaks for itself and no further response is required. Answering Defendant denies any and all factual allegations contained in this paragraph.

45. To the extent the allegations contained in paragraph 45 refer to written documentation, a copy of which was not attached to Plaintiff's Complaint, no further response is required. To the extent the allegations may be intended to purport to set forth a claim for relief against this Defendant, they are denied.

46. The allegations contained in paragraph 46 refer to a written document which was not attached to Plaintiff's Complaint for which no further response is required. To the extent the allegations may be intended to purport to set forth a claim for relief against this Defendant, they are denied.

47. The allegations contained in paragraph 47 refer to a written document which was not attached to Plaintiff's Complaint for which no further response is required. To the extent the allegations may be intended to purport to set forth a claim for relief against this Defendant, they are denied.

48. The allegations contained in paragraph 48 refer to a written document which was not attached to Plaintiff's Complaint for which no further response is required. To the extent the

-8-

allegations may be intended to purport to set forth a claim for relief against this Defendant, they are denied.

49.     The allegations contained in paragraph 49 refer to a written Sixth Circuit Decision, such Decision speaks for itself and no further response is required.  Furthermore, answering Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining averments in this paragraph and, therefore, no response is required.

50.     To the extent the allegations contained in paragraph 50 refer to a written document, which was not attached to Plaintiff's Complaint, such document speaks for itself and no further response is required.  To the extent the allegations may be intended to purport to set forth a claim for relief against this Defendant, they are denied.

51.     To the extent the allegations contained in paragraph 51 refer to a written document, which was not attached to Plaintiff's Complaint, such document speaks for itself and no further response is required.  To the extent the allegations may be intended to purport to set forth a claim for relief against this Defendant, they are denied.

52.     To the extent the allegations contained in paragraph 52 refer to a written document, which was not attached to Plaintiff's Complaint, such document speaks for itself and no further response is required.  To the extent the allegations may be intended to purport to set forth a claim for relief against this Defendant, they are denied.

53.     To the extent the allegations contained in paragraph 53 refer to a written document, which was not attached to Plaintiff's Complaint, such document speaks for itself and no further response is required.  To the extent the allegations may be intended to purport to set forth a claim for relief against this Defendant, they are denied.

-9-

54.     To the extent the allegations contained in paragraph 54 refer to a written document, which was not attached to Plaintiff's Complaint, such document speaks for itself and no further response is required.  To the extent the allegations may be intended to purport to set forth a claim for relief against this Defendant, they are denied.

55.     To the extent the allegations contained in paragraph 55 refer to a written document, which was not attached to Plaintiff's Complaint, such document speaks for itself and no further response is required.  To the extent the allegations may be intended to purport to set forth a claim for relief against this Defendant, they are denied.

56.     To the extent the allegations contained in paragraph 56 refer to a written document, which was not attached to Plaintiff's Complaint, such document speaks for itself and no further response is required.  To the extent the allegations may be intended to purport to set forth a claim for relief against this Defendant, they are denied.

57.     To the extent the allegations contained in paragraph 57 refer to a written document, which was not attached to Plaintiff's Complaint, such document speaks for itself and no further response is required.  To the extent the allegations may be intended to purport to set forth a claim for relief against this Defendant, they are denied.

58.     To the extent the allegations contained in paragraph 58 refer to a written document, which was not attached to Plaintiff's Complaint, such document speaks for itself and no further response is required.  To the extent the allegations may be intended to purport to set forth a claim for relief against this Defendant, they are denied.

59.     To the extent the allegations contained in paragraph 59 refer to a written document, which was not attached to Plaintiff's Complaint, such document speaks for itself and

-10-

no further response is required.  To the extent the allegations may be intended to purport to set forth a claim for relief against this Defendant, they are denied.

60.     To the extent the allegations contained in paragraph 60 refer to a written document, which was not attached to Plaintiff's Complaint, such document speaks for itself and no further response is required.  To the extent the allegations may be intended to purport to set forth a claim for relief against this Defendant, they are denied.

61.     To the extent the allegations contained in paragraph 61 refer to a written document, which was not attached to Plaintiff's Complaint, such document speaks for itself and no further response is required.  To the extent the allegations may be intended to purport to set forth a claim for relief against this Defendant, they are denied.

62.     To the extent the allegations contained in paragraph 62 refer to a written document, which was not attached to Plaintiff's Complaint, such document speaks for itself and no further response is required.  To the extent the allegations may be intended to purport to set forth a claim for relief against this Defendant, they are denied.

63.     To the extent the allegations contained in paragraph 63 refer to a written document, which was not attached to Plaintiff's Complaint, such document speaks for itself and no further response is required.  To the extent the allegations may be intended to purport to set forth a claim for relief against this Defendant, they are denied.

64.     To the extent the allegations contained in paragraph 64 refer to a written document, which was not attached to Plaintiff's Complaint, such document speaks for itself and no further response is required.  To the extent the allegations may be intended to purport to set forth a claim for relief against this Defendant, they are denied.

65.     To the extent the allegations contained in paragraph 65 refer to a written document, which was not attached to Plaintiff's Complaint, such document speaks for itself and no further response is required.  To the extent the allegations may be intended to purport to set forth a claim for relief against this Defendant, they are denied.

66.     To the extent the allegations contained in paragraph 66 refer to a written document, which was not attached to Plaintiff's Complaint, such document speaks for itself and no further response is required.  To the extent the allegations may be intended to purport to set forth a claim for relief against this Defendant, they are denied.

67.     To the extent the allegations contained in paragraph 67 refer to a written document, which was not attached to Plaintiff's Complaint, such document speaks for itself and no further response is required.  To the extent the allegations may be intended to purport to set forth a claim for relief against this Defendant, they are denied.

68.     To the extent the allegations contained in paragraph 68 refer to a written document, which was not attached to Plaintiff's Complaint, such document speaks for itself and no further response is required.  To the extent the allegations may be intended to purport to set forth a claim for relief against this Defendant, they are denied.

69.     To the extent the allegations contained in paragraph 69 refer to a written document, which was not attached to Plaintiff's Complaint, such document speaks for itself and no further response is required.  To the extent the allegations may be intended to purport to set forth a claim for relief against this Defendant, they are denied.

70.     The allegations contained in paragraph 70 pertain to a co-Defendant for which no response is required; but, insofar as they may be intended to purport to set forth a claim for relief against this Defendant, they are denied.

-12-

71.     The allegations contained in paragraph 71 pertain to a co-Defendant for which no response is required; but, insofar as they may be intended to purport to set forth a claim for relief against this Defendant, they are denied.

72.     The allegations contained in paragraph 72 pertain to a co-Defendant for which no response is required; but, insofar as they may be intended to purport to set forth a claim for relief against this Defendant, they are denied.

73.     The allegations contained in paragraph 73 pertain to a co-Defendant for which no response is required; but, insofar as they may be intended to purport to set forth a claim for relief against this Defendant, they are denied.

74.     The allegations contained in paragraph 74 pertain to a co-Defendant for which no response is required; but, insofar as they may be intended to purport to set forth a claim for relief against this Defendant, they are denied.

75.     The allegations contained in paragraph 75 pertain to a co-Defendant for which no response is required; but, insofar as they may be intended to purport to set forth a claim for relief against this Defendant, they are denied.

76.     The allegations contained in paragraph 76 pertain to a co-Defendant for which no response is required; but, insofar as they may be intended to purport to set forth a claim for relief against this Defendant, they are denied.

77.     The allegations contained in paragraph 77 pertain to a co-Defendant for which no response is required; but, insofar as they may be intended to purport to set forth a claim for relief against this Defendant, they are denied.

LEGAL/123928710.v1

78.     The allegations contained in paragraph 78 pertain to a co-Defendant for which no response is required; but, insofar as they may be intended to purport to set forth a claim for relief against this Defendant, they are denied.

79.     The allegations contained in paragraph 79 pertain to a co-Defendant for which no response is required; but, insofar as they may be intended to purport to set forth a claim for relief against this Defendant, they are denied.

80.     To the extent the allegations contained in paragraph 80 refer to a written document, which was not attached to Plaintiff's Complaint, such document speaks for itself and no further response is required; but, insofar as they may be intended to purport to set forth a claim for relief against this Defendant, they are denied.

81.     To the extent the allegations contained in paragraph 81 refer to a written document, which was not attached to Plaintiff's Complaint, such document speaks for itself and no further response is required; but, insofar as they may be intended to purport to set forth a claim for relief against this Defendant, they are denied.

82.     The allegations contained in paragraph 82 pertain to a co-Defendant for which no response is required; but, insofar as they may be intended to purport to set forth a claim for relief against this Defendant, they are denied.

83.     To the extent the allegations contained in paragraph 83 refer to a written document, which was not attached to Plaintiff's Complaint, such document speaks for itself and no further response is required.  Furthermore, Answering Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining averments in this paragraph and, therefore, no response is required.  Plaintiff is put to his proofs.

-14-

84.     The allegations contained in paragraph 84 refer to a written document, which was not attached to Plaintiff's Complaint.  The document speaks for itself and no response is required; but, insofar as they may be intended to purport to set forth a claim for relief against this Defendant, they are denied.

85.     The allegations contained in paragraph 85 pertain to a co-Defendant for which no response is required; but, insofar as they may be intended to purport to set forth a claim for relief against this Defendant, they are denied.

86.     The allegations contained in paragraph 86 pertain to a co-Defendant for which no response is required; but, insofar as they may be intended to purport to set forth a claim for relief against this Defendant, they are denied.

87.     The allegations contained in paragraph 87 pertain to a co-Defendant for which no response is required; but, insofar as they may be intended to purport to set forth a claim for relief against this Defendant, they are denied.

88.     The allegations contained in paragraph 88 pertain to a co-Defendant for which no response is required; but, insofar as they may be intended to purport to set forth a claim for relief against this Defendant, they are denied.

89.     The allegations contained in paragraph 89 pertain to a co-Defendant for which no response is required; but, insofar as they may be intended to purport to set forth a claim for relief against this Defendant, they are denied.

90.     The allegations contained in paragraph 90 pertain to a co-Defendant for which no response is required; but, insofar as they may be intended to purport to set forth a claim for relief against this Defendant, they are denied.

-15-

91.     The allegations contained in paragraph 91 pertain to a co-Defendant for which no response is required; but, insofar as they may be intended to purport to set forth a claim for relief against this Defendant, they are denied.

92.     The allegations contained in paragraph 92 pertain to a co-Defendant for which no response is required; but, insofar as they may be intended to purport to set forth a claim for relief against this Defendant, they are denied.

93.     The allegations contained in paragraph 93 pertain to a co-Defendant for which no response is required; but, insofar as they may be intended to purport to set forth a claim for relief against this Defendant, they are denied.

94.     The allegations contained in paragraph 94 pertain to a co-Defendant for which no response is required; but, insofar as they may be intended to purport to set forth a claim for relief against this Defendant, they are denied.

95.     The allegations contained in paragraph 95 pertain to a co-Defendant for which no response is required; but, insofar as they may be intended to purport to set forth a claim for relief against this Defendant, they are denied.

96.     The allegations contained in paragraph 96 refer to a written document, which was not attached to Plaintiff's Complaint.  The document speaks for itself and no response is required; but, insofar as they may be intended to purport to set forth a claim for relief against this Defendant, they are denied.

97.     The allegations contained in paragraph 97 pertain to a co-Defendant for which no response is required; but, insofar as they may be intended to purport to set forth a claim for relief against this Defendant, they are denied.

-16-

98.    The allegations contained in paragraph 98 pertain to a co-Defendant for which no response is required; but, insofar as they may be intended to purport to set forth a claim for relief against this Defendant, they are denied.  More particularly, answering Defendant denies all allegations relating to the events at Tiger Inn as alleged in Plaintiff's Complaint.

99.    The allegations contained in paragraph 99 pertain to a co-Defendant for which no response is required; but, insofar as they may be intended to purport to set forth a claim for relief against this Defendant, they are denied.

100.    The allegations contained in paragraph 100 refer to a written document, which was not attached to Plaintiff's Complaint.  The document speaks for itself and no response is required; but, insofar as they may be intended to purport to set forth a claim for relief against this Defendant, they are denied.

101.    The allegations contained in paragraph 101 refer to a written document, which was not attached to Plaintiff's Complaint.  The document speaks for itself and no response is required; but, insofar as they may be intended to purport to set forth a claim for relief against this Defendant, they are denied.

102.    The allegations contained in paragraph 102 pertain to a co-Defendant for which no response is required.  Furthermore, the allegations refer to a written document, which was not attached to Plaintiff's Complaint.  The document speaks for itself and no response is required; but, insofar as they may be intended to purport to set forth a claim for relief against this Defendant, they are denied.

103.    Admitted in part, denied in part.  It is denied that Princeton's eating clubs supplant fraternities.  It is admitted, however, that among Princeton's eating club alumni are the individuals identified in this paragraph.

-17-

104.    Admitted in part, denied in part.  It is admitted that the Tiger Inn utilizes a selective admission process.  The remaining allegations contained in paragraph 104 are denied.

105.    Admitted in part, denied in part.  It is admitted that the selective admission process is known as "bicker."  It is further admitted that interviews are conducted as part of the selection process.  The remaining allegations contained in paragraph 105 are denied.

106.    The allegations contained in paragraph 106 refer to a written document, which was not attached to Plaintiff's Complaint.  The document speaks for itself and no response is required.  Furthermore, the allegations contained in this paragraph pertain to a co-Defendant for which no response is required.  Insofar as any of the allegations may be intended to purport to set forth a claim for relief against this Defendant, they are denied.

107.    The allegations contained in paragraph 107 refer to a written document, which was not attached to Plaintiff's Complaint.  The document speaks for itself and no response is required.  Furthermore, the allegations contained in this paragraph pertain to a co-Defendant for which no response is required.  Insofar as any of the allegations may be intended to purport to set forth a claim for relief against this Defendant, they are denied.

108.    The allegations contained in paragraph 108 refer to a written document, which was not attached to Plaintiff's Complaint.  The document speaks for itself and no response is required.  Furthermore, the allegations contained in this paragraph pertain to a co-Defendant for which no response is required.  Insofar as any of the allegations may be intended to purport to set forth a claim for relief against this Defendant, they are denied.

109.    It is admitted that Princeton University provides WiFi along with connection to and use of Princeton's network and the ability to participate in shared meal plans between the University and the eating clubs.

-18-

110. To the extent the allegations contained in paragraph 110 refer to a written document, which was not attached to Plaintiff's Complaint, such document speaks for itself and no response is required. It is admitted, however, that the Tiger Inn has adopted a "statement of principles." The remaining allegations contained in paragraph 110 pertain to a co-Defendant for which no response is required; but, insofar as the allegations may be intended to purport to set forth a claim for relief against this Defendant, they are denied.

111. To the extent the allegations contained in paragraph 111 refer to a written document, which was not attached to Plaintiff's Complaint, such document speaks for itself and no response is required. Furthermore, the allegations contained in paragraph 111 pertain to a co-Defendant for which no response is required; but, insofar as the allegations may be intended to purport to set forth a claim for relief against this Defendant, they are denied.

112. The allegations contained in paragraph 112 pertain to a co-Defendant for which no response is required; but, insofar as they may be intended to purport to set forth a claim for relief against this Defendant, they are denied.

113. The allegations contained in paragraph 113 pertain to a co-Defendant for which no response is required. Furthermore, the allegations refer to a written document, which was not attached to Plaintiff's Complaint, for which no response is required; but, insofar as the allegations may be intended to purport to set forth a claim for relief against this Defendant, they are denied.

114. The allegations contained in paragraph 114 pertain to a co-Defendant for which no response is required; but, insofar as they may be intended to purport to set forth a claim for relief against this Defendant, they are denied.

115. The allegations contained in paragraph 115 are denied.

-19-

116.    The allegations contained in paragraph 116 are denied.

117.    The allegations contained in paragraph 117 refer to a written document, which was not attached to Plaintiff's Complaint.  The document speaks for itself and no response is required; but, insofar as they may be intended to purport to set forth a claim for relief against this Defendant, they are denied.

118.    The allegations contained in paragraph 118 refer to a written document, which was not attached to Plaintiff's Complaint.  The document speaks for itself and no response is required; but, insofar as they may be intended to purport to set forth a claim for relief against this Defendant, they are denied.

119.    The allegations contained in paragraph 119 refer to a written document, which was not attached to Plaintiff's Complaint.  The document speaks for itself and no response is required; but, insofar as they may be intended to purport to set forth a claim for relief against this Defendant, they are denied.

120.    The allegations contained in paragraph 120 are denied.

121.    The allegations contained in paragraph 121 refer to written documents, which were not attached to Plaintiff's Complaint.  The document speaks for itself and no response is required; but, insofar as they may be intended to purport to set forth a claim for relief against this Defendant, they are denied.

122.    The allegations contained in paragraph 122 refer to written documents, which were not attached to Plaintiff's Complaint.  The document speaks for itself and no response is required; but, insofar as they may be intended to purport to set forth a claim for relief against this Defendant, they are denied.

123.    To the extent the allegations contained in paragraph 123 refer to a written document, which was not attached to Plaintiff's Complaint, such document speaks for itself and no further response is required.  Furthermore, answering Defendant denies all factual allegations contained in this paragraph.

124.    The allegations contained in paragraph 124 refer to a written document, which was not attached to Plaintiff's Complaint.  The document speaks for itself and no response is required; but, insofar as they may be intended to purport to set forth a claim for relief against this Defendant, they are denied.

125.    The allegations contained in paragraph 125 refer to a written document, which was not attached to Plaintiff's Complaint.  The document speaks for itself and no response is required.  Plaintiff is put to his proofs.

126.    The allegations contained in paragraph 126 refer to a written document, which was not attached to Plaintiff's Complaint.  The document speaks for itself and no response is required.  Plaintiff is put to his proofs.

127.    The allegations contained in paragraph 127 pertain to a co-Defendant for which no response is required; but, insofar as they may be intended to purport to set forth a claim for relief against this Defendant, they are denied.

128.    The allegations contained in paragraph 128 pertain to a co-Defendant for which no response is required; but, insofar as they may be intended to purport to set forth a claim for relief against this Defendant, they are denied.

129.    The allegations contained in paragraph 129 are denied.

-21-

130.    To the extent the allegations contained in paragraph 130 pertain to a co-Defendant, no response is required and Plaintiff is put to his proofs.  Answering Defendant denies any and all factual allegations contained in this paragraph.

131.    Upon information and belief, it is admitted that in or around 2009-2010, a task force on the relationships between the University and the eating clubs was created.

132.    The allegations contained in paragraph 132 refer to a written document, which was not attached to Plaintiff's Complaint.  The document speaks for itself and no response is required; but, insofar as any factual allegations in this paragraph may be intended to purport to set forth a claim for relief against this Defendant, they are denied.

133.    The allegations contained in paragraph 133 refer to a written document, which was not attached to Plaintiff's Complaint.  The document speaks for itself and no response is required; but, insofar as any factual allegations in this paragraph may be intended to purport to set forth a claim for relief against this Defendant, they are denied.

134.    The allegations contained in paragraph 134 refer to a written document, which was not attached to Plaintiff's Complaint.  The document speaks for itself and no response is required; but, insofar as any factual allegations in this paragraph may be intended to purport to set forth a claim for relief against this Defendant, they are denied.

135.    The allegations contained in paragraph 135 refer to a written document, which was not attached to Plaintiff's Complaint.  The document speaks for itself and no response is required; but, insofar as any factual allegations in this paragraph may be intended to purport to set forth a claim for relief against this Defendant, they are denied.

136.    The allegations contained in paragraph 136 are denied as to answering Defendant.

-22-

137.    The allegations contained in paragraph 137 refer to a written document, which was not attached to Plaintiff's Complaint.  The document speaks for itself and no response is required; but, insofar as any factual allegations in this paragraph may be intended to purport to set forth a claim for relief against this Defendant, they are denied.

138.    The allegations contained in paragraph 138 against answering Defendant are denied.  The remaining allegations contained in this paragraph pertain to a co-Defendant for which no response is required.

139.    The allegations contained in paragraph 139 refer to a written document, which was not attached to Plaintiff's Complaint.  The document speaks for itself and no response is required.  Furthermore, all factual allegations contained in paragraph 139 are denied.

140.    To the extent the allegations contained in paragraph 140 refer to a written document, which was not attached to Plaintiff's Complaint, such document speaks for itself and no further response is required; but, insofar as the allegations in this paragraph may be intended to purport to set forth a claim for relief against this Defendant, they are denied.

141.    To the extent the allegations contained in paragraph 141 refer to a written document, which was not attached to Plaintiff's Complaint, such document speaks for itself and no further response is required; but, insofar as the allegations in this paragraph may be intended to purport to set forth a claim for relief against this Defendant, they are denied.

142.    To the extent the allegations contained in paragraph 142 refer to a written document, which was not attached to Plaintiff's Complaint, such document speaks for itself and Plaintiff is put to his proofs.  Insofar as the allegations contained in this paragraph may be intended to purport to set forth a claim for relief against this Defendant, they are denied.

143.    The allegations contained in paragraph 143 are denied.

-23-

144.     The allegations contained in paragraph 144 are denied.

145.     To the extent the allegations contained in paragraph 145 refer to a written document, which was not attached to Plaintiff's Complaint, no response is required; but, insofar as the allegations contained in this paragraph may be intended to purport to set forth a claim for relief against this Defendant, they are denied.

146.     To the extent the allegations contained in paragraph 146 refer to a written document, which was not attached to Plaintiff's Complaint, such document speaks for itself and no response is required.; but, insofar as the allegations contained in this paragraph may be intended to purport to set forth a claim for relief against this Defendant, they are denied.

147.     To the extent the allegations contained in paragraph 147 refer to a written document, which was not attached to Plaintiff's Complaint, such document speaks for itself and no response is required; but, insofar as the allegations contained in this paragraph may be intended to purport to set forth a claim for relief against this Defendant, they are denied.

148.     The allegations contained in paragraph 148 are denied.

149.     To the extent the allegations contained in paragraph 149 refer to multiple documents, none of which are attached to Plaintiff's Complaint, such documents speak for themselves and no response is required.  Insofar as the allegations contained in this paragraph may be intended to purport to set forth a claim for relief against this Defendant, they are denied.

150.     To the extent the allegations contained in paragraph 150 refer to a written document, which was not attached to Plaintiff's Complaint, such document speaks for itself and no response is required.  Insofar as the allegations contained in this paragraph may be intended to purport to set forth a claim for relief against this Defendant, they are denied.

-24-

151.    To the extent the allegations contained in paragraph 151 refer to a written document, which was not attached to Plaintiff's Complaint, such document speaks for itself and no response is required.  Insofar as the allegations contained in this paragraph may be intended to purport to set forth a claim for relief against this Defendant, they are denied.

152.    The allegations contained in paragraph 152 are denied.

153.    To the extent the allegations contained in paragraph 153 pertain to a co-Defendant, no response is required.  Furthermore, the allegations contained in paragraph 153 refer to a written document for which no response is required.  Insofar as the allegations contained in this paragraph may be intended to purport to set forth a claim for relief against this Defendant, they are denied.

154.    The allegations contained in paragraph 154 refer to a written document, which was not attached to Plaintiff's Complaint.  Such document speaks for itself and no further response is required.  Plaintiff is put to his proofs.  Insofar as the allegations contained in this paragraph may be intended to purport to set forth a claim for relief against this Defendant, they are denied.

155.    The allegations contained in paragraph 155 are denied.

156.    To the extent the allegations contained in paragraph 156 refer to a written document, which was not attached to Plaintiff's Complaint, no response is required and Plaintiff is put to his proofs.

157.    The allegations contained in paragraph 157 refer to a written document, which was not attached to Plaintiff's Complaint.  Such document speaks for itself and no further response is required.  Plaintiff is put to his proofs.

LEGAL/123928710.v1

158.    To the extent the allegations contained in paragraph 158 refer to a written document, which was not attached to Plaintiff's Complaint.  Such document speaks for itself and no response is required.  To the extent the allegations contained in this paragraph may be intended to purport to set forth a claim for relief against this Defendant, they are denied.

159.    The allegations contained in paragraph 159 are denied.

160.    To the extent the allegations contained in paragraph 160 refer to a written document, which was not attached to Plaintiff's Complaint, such document speaks for itself and no response is required.  Insofar as the allegations contained in this paragraph may be intended to purport to set forth a claim for relief against this Defendant, they are denied.

161.    To the extent the allegations contained in paragraph 161 refer to a written document, which was not attached to Plaintiff's Complaint, such document speaks for itself and no response is required.  Furthermore, the allegations contained in paragraph 161 pertain to a co-Defendant for which no response is required.  To the extent the allegations purport to set forth a claim for relief against this Defendant, they are denied.

162.    The allegations contained in paragraph 162 refer to a written document, which was not attached to Plaintiff's Complaint.  The document speaks for itself and no response is required.  Insofar as the allegations contained in this paragraph may be intended to purport to set forth a claim for relief against this Defendant, they are denied.

163.    The allegations contained in paragraph 163 refer to a written document, which was not attached to Plaintiff's Complaint.  The document speaks for itself and no response is required.  Insofar as the allegations contained in this paragraph may be intended to purport to set forth a claim for relief against this Defendant, they are denied.

164.     The allegations contained in paragraph 164 refer to a written document, which was not attached to Plaintiff's Complaint.  The document speaks for itself and no response is required.  Insofar as the allegations contained in this paragraph may be intended to purport to set forth a claim for relief against this Defendant, they are denied.

165.     The allegations contained in paragraph 165 refer to a written document, which was not attached to Plaintiff's Complaint.  The document speaks for itself and no response is required.  Insofar as the allegations contained in this paragraph may be intended to purport to set forth a claim for relief against this Defendant, they are denied.

166.     To the extent the allegations contained in paragraph 166 pertain to a co-Defendant, no response is required; but, insofar as the allegations may be intended to purport to set forth a claim for relief against this Defendant, they are denied.

167.     To the extent the allegations contained in paragraph 167 pertain to a co-Defendant, no response is required; but, insofar as the allegations may be intended to purport to set forth a claim for relief against this Defendant, they are denied.

168.     To the extent the allegations contained in paragraph 168 pertain to a co-Defendant, no response is required; but, insofar as the allegations may be intended to purport to set forth a claim for relief against this Defendant, they are denied.

169.     The allegations contained in paragraph 169 are denied.

170.     The allegations contained in paragraph 170 refer to a written document, which was not attached to Plaintiff's Complaint.  The document speaks for itself and no response is required.  Insofar as the allegations contained in this paragraph may be intended to purport to set forth a claim for relief against this Defendant, they are denied.

171.     The allegations contained in paragraph 171 are denied.

172.    To the extent the allegations contained in paragraph 172 refer to a written document, which was not attached to Plaintiff's Complaint, such document speaks for itself and no response is required.  Insofar as the allegations contained in this paragraph may be intended to purport to set forth a claim for relief against this Defendant, they are denied.

173.    To the extent the allegations contained in paragraph 173 refer to a written document, which was not attached to Plaintiff's Complaint, such document speaks for itself and no response is required.  Insofar as the allegations contained in this paragraph may be intended to purport to set forth a claim for relief against this Defendant, they are denied.

174.    To the extent the allegations contained in paragraph 174 refer to a written document, which was not attached to Plaintiff's Complaint, such document speaks for itself and no response is required.  Insofar as the allegations contained in this paragraph may be intended to purport to set forth a claim for relief against this Defendant, they are denied.

175.    To the extent the allegations contained in paragraph 175 refer to written documentation, which was not attached to Plaintiff's Complaint, such document speaks for itself and no response is required.  Plaintiff is put to his proofs.

176.    The allegations contained in paragraph 176 are denied.

177.    The allegations contained in paragraph 177 refer to a written document, which was not attached to Plaintiff's Complaint.  Such document speaks for itself and no response is required.  All factual allegations raised against this Defendant in this paragraph are denied.

178.    To the extent the allegations contained in paragraph 178 refer to a written document, which was not attached to Plaintiff's Complaint, such document speaks for itself and no response is required.  The remaining allegations contained in paragraph 178 are denied.

-28-

179.    Upon information and belief, it is admitted that in 2017 a new task force on the relationship between the University and the eating clubs was established.

180.    To the extent the allegations contained in paragraph 180 refer to a written document, which was not attached to Plaintiff's Complaint, such document speaks for itself and no response is required.  Answering Defendant denies any factual allegations directed against it in this paragraph.

181.    It is admitted that the 2017-2018 task force included 19 people – 7 undergraduate students, 3 representatives from eating club graduate boards, and 9 Princeton University staff members.  It is further admitted that the task force Chair was W. Rochelle Calhoun, Princeton's Vice President for Campus Life.

182.    The allegations contained in paragraph 182 are denied.

183.    The allegations contained in paragraph 183 are denied.

184.    The allegations contained in paragraph 184 refer to a written document, which was not attached to Plaintiff's Complaint.  Such document speaks for itself and no further response is required.  Answering Defendant denies the factual allegations contained in this paragraph.

185.    The allegations contained in paragraph 185 are denied.

186.    The allegations contained in paragraph 186 pertain to a co-Defendant for which no response is required; but, insofar as the allegations contained in this paragraph may be intended to purport to set forth a claim for relief against this Defendant, they are denied.

187.    To the extent the allegations contained in paragraph 187 refer to a written document, which was not attached to Plaintiff's Complaint, such document speaks for itself and

-29-

no further response is required.  To the extent the allegations contained in this paragraph may be intended to purport to set forth a claim for relief against this Defendant, they are denied.

188.    The allegations contained in paragraph 188 refer to a written document, which was not attached to Plaintiff's Complaint.   Such document speaks for itself and no further response is required.  Answering Defendant denies the factual allegations contained in this paragraph.

189.    The allegations contained in paragraph 189 are denied.

190.    The allegations contained in paragraph 190 are denied.

191.    The allegations contained in paragraph 191 and its subparagraphs are denied.

192.    It is denied that Plaintiff was heavily intoxicated while at the Tiger Inn. Answering Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining averments in this paragraph and, therefore, no response is required. Plaintiff is put to his proofs.

193.    Answering Defendant is without sufficient knowledge or information to form a belief as to the truth of the averments in this paragraph and, therefore, no response is required. Plaintiff is put to his proofs.

194.    Answering Defendant is without sufficient knowledge or information to form a belief as to the truth of the averments in this paragraph and, therefore, no response is required. However, Answering Defendant denies Plaintiff's allegation that a TI member acquired information about him through the bicker process.

195.    Answering Defendant is without sufficient knowledge or information to form a belief as to the truth of the averments in this paragraph and, therefore, no response is required. Plaintiff is put to his proofs.

-30-

196.    Upon information and belief, it is admitted that Plaintiff made a complaint to Princeton's Title IX Office, but only after the involved woman filed an initial complaint.

197.    The allegations contained in paragraph 197 pertain to a co-Defendant for which no response is required; but, insofar as the allegations contained in this paragraph may be intended to purport to set forth a claim for relief against this Defendant, they are denied.

198.    It is admitted only that answering Defendant's officers and other members were not formally questioned in conjunction with the Title IX investigation.

199.    To the extent the allegations contained in paragraph 199 refer to a written document, which was not attached to Plaintiff's Complaint, such document speaks for itself and no further response is required.  Plaintiff is put to his proofs.

200.    To the extent the allegations contained in paragraph 200 pertain to a co-Defendant or other eating clubs, no response is required and Plaintiff is put to his proofs.  Furthermore, any and all factual allegations contained in this paragraph directed against this Defendant are denied.

201.    The allegations contained in paragraph 201 pertain to a co-Defendant for which no response is required.  Upon information and belief, to the extent the allegations are intended to be directed against this Defendant, they are denied.

202.    To the extent the allegations contained in paragraph 202 refer to a written document, which was not attached to Plaintiff's Complaint, such document speaks for itself and no further response is required.  Furthermore, the allegations contained in this paragraph pertain to a co-Defendant for which no response is required.  Finally, answering Defendant denies the allegations with regard to Plaintiff's alleged intoxication.

203.    The allegations contained in paragraph 203 pertain to a co-Defendant for which no response is required.  Plaintiff is put to his proofs.

-31-

204.   The allegations contained in paragraph 204 are admitted.

205.   To the extent the allegations contained in paragraph 205 refer to a written document, which was not attached to Plaintiff's Complaint, such document speaks for itself and no further response is required.  Plaintiff is put to his proofs.

206.   To the extent the allegations contained in paragraph 206 refer to a written document, which was not attached to Plaintiff's Complaint, such document speaks for itself and no further response is required.  Plaintiff is put to his proofs.

207.   To the extent the allegations contained in paragraph 207 refer to a written document, which was not attached to Plaintiff's Complaint, such document speaks for itself and no further response is required.  Plaintiff is put to his proofs.

208.   To the extent the allegations contained in paragraph 208 refer to a written document, which was not attached to Plaintiff's Complaint, such document speaks for itself and no further response is required.  Plaintiff is put to his proofs.

209.   The allegations contained in paragraph 209 are denied.

210.   To the extent the allegations contained in paragraph 210 refer to a written document, which was not attached to Plaintiff's Complaint, such document speaks for itself and no further response is required.  Furthermore, insofar as the allegations contained in this paragraph purport to set forth a claim for relief against this Defendant, they are denied.

211.   To the extent the allegations contained in paragraph 211 refer to a written document, which was not attached to Plaintiff's Complaint, such document speaks for itself and no further response is required.  Furthermore, insofar as the allegations contained in this paragraph purport to set forth a claim for relief against this Defendant, they are denied.

212.   The allegations contained in paragraph 212 are denied.

-32-

213.    To the extent the allegations contained in paragraph 213 refer to a written document, which was not attached to Plaintiff's Complaint, such document speaks for itself and no further response is required.  Plaintiff is put to his proofs.  Furthermore, insofar as the allegations contained in this paragraph are intended to set forth a claim for relief against this Defendant, they are denied.

214.    The allegations contained in paragraph 214 are denied.

215.    To the extent the allegations contained in paragraph 215 refer to a written document, which was not attached to Plaintiff's Complaint, such document speaks for itself and no further response is required.  To the extent the allegations contained in this paragraph are intended to set forth a claim for relief against this Defendant, they are denied.

216.    To the extent the allegations contained in paragraph 216 refer to a written document, which was not attached to Plaintiff's Complaint, such document speaks for itself and no further response is required.  Plaintiff is put to his proofs.

217.    To the extent the allegations contained in paragraph 217 refer to a written document, which was not attached to Plaintiff's Complaint, such document speaks for itself and no further response is required.  Furthermore, answering Defendant denies the factual allegations contained in this paragraph as well as the alleged statistics cited.

218.    The allegations contained in paragraph 218 pertain to a co-Defendant for which no response is required; but, insofar as the allegations contained in this paragraph are intended to purport to set forth a claim for relief against this Defendant, they are denied.

219.    The allegations contained in paragraph 219 pertain to a co-Defendant for which no response is required; but, insofar as the allegations contained in this paragraph are intended to purport to set forth a claim for relief against this Defendant, they are denied.

-33-

220.    To the extent the allegations contained in paragraph 220 refer to a written document, which was not attached to Plaintiff's Complaint, such document speaks for itself and no further response is required.  In addition, the allegations contained in this paragraph pertain to a co-Defendant for which no response is required.  To the extent the allegations contained in this paragraph are intended to purport to set forth a claim for relief against this Defendant, they are denied.

221.    To the extent the allegations contained in paragraph 221 refer to a written document, which was not attached to Plaintiff's Complaint, such document speaks for itself and no further response is required.  In addition, the allegations contained in this paragraph pertain to a co-Defendant for which no response is required.  To the extent the allegations contained in this paragraph are intended to purport to set forth a claim for relief against this Defendant, they are denied.

222.    To the extent the allegations contained in paragraph 222 refer to a written document, which was not attached to Plaintiff's Complaint, such document speaks for itself and no further response is required.  In addition, the allegations contained in this paragraph pertain to a co-Defendant for which no response is required.  To the extent the allegations contained in this paragraph are intended to purport to set forth a claim for relief against this Defendant, they are denied.

223.    To the extent the allegations contained in paragraph 223 refer to a written document, which was not attached to Plaintiff's Complaint, such document speaks for itself and no further response is required.  In addition, the allegations contained in this paragraph pertain to a co-Defendant for which no response is required.  To the extent the allegations contained in this

-34-

paragraph are intended to purport to set forth a claim for relief against this Defendant, they are denied.

224.    To the extent the allegations contained in paragraph 224 refer to a written document, which was not attached to Plaintiff's Complaint, such document speaks for itself and no further response is required.  In addition, the allegations contained in this paragraph pertain to a co-Defendant for which no response is required.  To the extent the allegations contained in this paragraph are intended to purport to set forth a claim for relief against this Defendant, they are denied.

225.    To the extent the allegations contained in paragraph 225 refer to a written document, which was not attached to Plaintiff's Complaint, such document speaks for itself and no further response is required.  In addition, the allegations contained in this paragraph pertain to a co-Defendant for which no response is required.  To the extent the allegations contained in this paragraph are intended to purport to set forth a claim for relief against this Defendant, they are denied.

226.    The allegations contained in paragraph 226 pertain to a co-Defendant for which no response is required.  To the extent the allegations contained in this paragraph are intended to set forth a claim for relief against this Defendant, they are denied.

227.    The allegations contained in paragraph 227 pertain to a co-Defendant for which no response is required.  To the extent the allegations contained in this paragraph are intended to set forth a claim for relief against this Defendant, they are denied.

228.    The allegations contained in paragraph 228 pertain to a co-Defendant for which no response is required.  Furthermore, all allegations contained in this paragraph directed against this Defendant are denied.

-35-

229.     The allegations contained in paragraph 229 pertain to a co-Defendant for which this Defendant has no knowledge.  Plaintiff is put to his proofs.

230.     Answering Defendant is without sufficient knowledge or information to form a belief as to the truth of the averments in this paragraph and, therefore, no response is required. Plaintiff is put to his proofs.

231.     Answering Defendant is without sufficient knowledge or information to form a belief as to the truth of the averments in this paragraph and, therefore, no response is required. Plaintiff is put to his proofs.

232.     Answering Defendant is without sufficient knowledge or information to form a belief as to the truth of the averments in this paragraph and, therefore, no response is required. Plaintiff is put to his proofs.

233.     Answering Defendant is without sufficient knowledge or information to form a belief as to the truth of the averments in this paragraph and, therefore, no response is required. Plaintiff is put to his proofs.

234.     Answering Defendant is without sufficient knowledge or information to form a belief as to the truth of the averments in this paragraph and, therefore, no response is required. Plaintiff is put to his proofs.

235.     Answering Defendant is without sufficient knowledge or information to form a belief as to the truth of the averments in this paragraph and, therefore, no response is required. Plaintiff is put to his proofs.

236.     Answering Defendant is without sufficient knowledge or information to form a belief as to the truth of the averments in this paragraph and, therefore, no response is required. Plaintiff is put to his proofs.

-36-

237.    Answering Defendant is without sufficient knowledge or information to form a belief as to the truth of the averments in this paragraph and, therefore, no response is required. Plaintiff is put to his proofs.

238.    Answering Defendant is without sufficient knowledge or information to form a belief as to the truth of the averments in this paragraph and, therefore, no response is required. Plaintiff is put to his proofs.

239.    Answering Defendant is without sufficient knowledge or information to form a belief as to the truth of the averments in this paragraph and, therefore, no response is required. Plaintiff is put to his proofs.

240.    The allegations contained in paragraph 240 are denied.

241.    The allegations contained in paragraph 241 are denied.

242.    The allegations contained in paragraph 242 are denied.

243.    The allegations contained in paragraph 243 are denied.

244.    It is admitted that in or around February, 2018 Plaintiff applied for membership to the Tiger Inn.  It is admitted that the Plaintiff participated in the bicker process as well.

245.    The allegations contained in paragraph 245 are denied as stated.

246.    It is admitted that Plaintiff was notified that he had been accepted as a member of Tiger Inn in early February, 2018.  The remaining allegations are neither admitted nor denied and Plaintiff is put to his proofs.

247.    To the extent the allegations contained in paragraph 247 refer to a written document, which was not attached to Plaintiff's Complaint, such document speaks for itself and no further response is required.  Plaintiff is put to his proofs.

-37-

248.    To the extent the allegations contained in paragraph 248 refer to a written document, which was not attached to Plaintiff's Complaint, such document speaks for itself and no further response is required.  Plaintiff is put to his proofs.

249.    Answering Defendant neither admits nor denies the allegations contained in paragraph 249 and leaves Plaintiff to his proofs.

250.    Answering Defendant is without sufficient knowledge or information to form a belief as to the truth of the averments in this paragraph and, therefore, no response is required. Plaintiff is put to his proofs.

251.    The allegations contained in paragraph 251 are denied.

252.    The allegations contained in paragraph 252 are denied.

253.    The allegations contained in paragraph 253 are denied.

254.    The allegations contained in paragraph 254 are denied.

255.    The allegations contained in paragraph 255 are denied.

256.    The allegations contained in paragraph 256 are denied.

257.    Answering Defendant is without sufficient knowledge or information to form a belief as to the truth of the averments in this paragraph and, therefore, no response is required. Plaintiff is put to his proofs.

258.    It is admitted that following initiation, members of the Tiger Inn celebrated at a party in the basement.  The remaining allegations contained in this paragraph are denied.

259.    Answering Defendant is without sufficient knowledge or information to form a belief as to the truth of the averments in this paragraph and, therefore, no response is required. Plaintiff is put to his proofs.

-38-

260.    Answering Defendant is without sufficient knowledge or information to form a belief as to the truth of the averments in this paragraph and, therefore, no response is required. Plaintiff is put to his proofs.

261.    Answering Defendant is without sufficient knowledge or information to form a belief as to the truth of the averments in this paragraph and, therefore, no response is required. Plaintiff is put to his proofs.

262.    The allegations contained in paragraph 262 are denied.

263.    Answering Defendant is without sufficient knowledge or information to form a belief as to the truth of the averments in this paragraph and, therefore, no response is required. Plaintiff is put to his proofs.

264.    Answering Defendant is without sufficient knowledge or information to form a belief as to the truth of the averments in this paragraph and, therefore, no response is required. Plaintiff is put to his proofs.

265.    Answering Defendant is without sufficient knowledge or information to form a belief as to the truth of the averments in this paragraph and, therefore, no response is required. Plaintiff is put to his proofs.

266.    Upon information and belief, the allegations contained in paragraph 266 are denied.

267.    Answering Defendant is without sufficient knowledge or information to form a belief as to the truth of the averments in this paragraph and, therefore, no response is required. Plaintiff is put to his proofs.

LEGAL/123928710.v1

268.    Answering Defendant is without sufficient knowledge or information to form a belief as to the truth of the averments in this paragraph and, therefore, no response is required. Plaintiff is put to his proofs.

269.    Upon information and belief, the allegations contained in paragraph 269 are denied.

270.    Upon information and belief, the allegations contained in paragraph 270 are denied.

271.    Answering Defendant is without sufficient knowledge or information to form a belief as to the truth of the averments in this paragraph and, therefore, no response is required. Plaintiff is put to his proofs.

272.    Answering Defendant is without sufficient knowledge or information to form a belief as to the truth of the averments in this paragraph and, therefore, no response is required. Plaintiff is put to his proofs.

273.    Answering Defendant is without sufficient knowledge or information to form a belief as to the truth of the averments in this paragraph and, therefore, no response is required. Plaintiff is put to his proofs.

274.    Answering Defendant is without sufficient knowledge or information to form a belief as to the truth of the averments in this paragraph and, therefore, no response is required. Plaintiff is put to his proofs.

275.    Answering Defendant is without sufficient knowledge or information to form a belief as to the truth of the averments in this paragraph and, therefore, no response is required. However, answering Defendant denies that Plaintiff had concern regarding endangering his position at the Tiger Inn.

-40-

276.     Answering Defendant is without sufficient knowledge or information to form a belief as to the truth of the averments in this paragraph and, therefore, no response is required. Plaintiff is put to his proofs.

277.     Answering Defendant is without sufficient knowledge or information to form a belief as to the truth of the averments in this paragraph and, therefore, no response is required. Plaintiff is put to his proofs.

278.     Answering Defendant is without sufficient knowledge or information to form a belief as to the truth of the averments in this paragraph and, therefore, no response is required. Plaintiff is put to his proofs.

279.     Answering Defendant is without sufficient knowledge or information to form a belief as to the truth of the averments in this paragraph and, therefore, no response is required. Plaintiff is put to his proofs.

280.     Answering Defendant is without sufficient knowledge or information to form a belief as to the truth of the averments in this paragraph and, therefore, no response is required. Plaintiff is put to his proofs.

281.     Answering Defendant is without sufficient knowledge or information to form a belief as to the truth of the averments in this paragraph and, therefore, no response is required. Plaintiff is put to his proofs.

282.     Answering Defendant is without sufficient knowledge or information to form a belief as to the truth of the averments in this paragraph and, therefore, no response is required. Plaintiff is put to his proofs.

LEGAL/123928710.v1

283.    Answering Defendant is without sufficient knowledge or information to form a belief as to the truth of the averments in this paragraph and, therefore, no response is required. Plaintiff is put to his proofs.

284.    Answering Defendant is without sufficient knowledge or information to form a belief as to the truth of the averments in this paragraph and, therefore, no response is required. Plaintiff is put to his proofs.

285.    Answering Defendant is without sufficient knowledge or information to form a belief as to the truth of the averments in this paragraph and, therefore, no response is required. Plaintiff is put to his proofs.

286.    Answering Defendant is without sufficient knowledge or information to form a belief as to the truth of the averments in this paragraph and, therefore, no response is required. Plaintiff is put to his proofs.

287.    Answering Defendant is without sufficient knowledge or information to form a belief as to the truth of the averments in this paragraph and, therefore, no response is required. Plaintiff is put to his proofs.

288.    To the extent the allegations contained in paragraph 288 refer to a written document, which was not attached to Plaintiff's Complaint, such document speaks for itself and no further response is required.  Furthermore, answering Defendant is without sufficient knowledge or information to form a belief as to the truth of the averments in this paragraph and, therefore, no response is required.  Plaintiff is put to his proofs.

289.    Answering Defendant is without sufficient knowledge or information to form a belief as to the truth of the averments in this paragraph and, therefore, no response is required. Plaintiff is put to his proofs.

-42-

290.     Answering Defendant is without sufficient knowledge or information to form a belief as to the truth of the averments in this paragraph and, therefore, no response is required. Plaintiff is put to his proofs.

291.     Answering Defendant is without sufficient knowledge or information to form a belief as to the truth of the averments in this paragraph and, therefore, no response is required. Plaintiff is put to his proofs.

292.     Answering Defendant is without sufficient knowledge or information to form a belief as to the truth of the averments in this paragraph and, therefore, no response is required. Plaintiff is put to his proofs.

293.     Answering Defendant is without sufficient knowledge or information to form a belief as to the truth of the averments in this paragraph and, therefore, no response is required. Plaintiff is put to his proofs.

294.     It is admitted that the Plaintiff was banned from the club as a result of his conduct.  Answering Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining averments in this paragraph, however.

295.     Answering Defendant is without sufficient knowledge or information to form a belief as to the truth of the averments in this paragraph and, therefore, no response is required. Plaintiff is put to his proofs.

296.     Answering Defendant is without sufficient knowledge or information to form a belief as to the truth of the averments in this paragraph and, therefore, no response is required. Plaintiff is put to his proofs.

297.     Answering Defendant is without sufficient knowledge or information to form a belief as to the truth of the averments in this paragraph and, therefore, no response is required.

LEGAL/123928710.v1

Plaintiff is put to his proofs.  Furthermore, the allegations contained in this paragraph pertain to a co-Defendant for which no response is required.  Plaintiff is put to his proofs.

298.    To the extent the allegations contained in paragraph 298 refer to a written document, which was not attached to Plaintiff's Complaint, such document speaks for itself and no further response is required.  Furthermore, answering Defendant is without sufficient knowledge or information to form a belief as to the truth of the averments in this paragraph and, therefore, no response is required.  Plaintiff is put to his proofs.

299.    Upon information and belief, it is admitted that statements concerning the actions on the evening in question were not consistent between Plaintiff and Roe.

300.    Answering Defendant is without sufficient knowledge or information to form a belief as to the truth of the averments in this paragraph and, therefore, no response is required. Plaintiff is put to his proofs.

301.    Answering Defendant is without sufficient knowledge or information to form a belief as to the truth of the averments in this paragraph and, therefore, no response is required. Plaintiff is put to his proofs.

302.    Answering Defendant is without sufficient knowledge or information to form a belief as to the truth of the averments in this paragraph and, therefore, no response is required. Plaintiff is put to his proofs.

303.    Answering Defendant is without sufficient knowledge or information to form a belief as to the truth of the averments in this paragraph and, therefore, no response is required. Plaintiff is put to his proofs.

304.     Answering Defendant is without sufficient knowledge or information to form a belief as to the truth of the averments in this paragraph and, therefore, no response is required. Plaintiff is put to his proofs.

305.     Answering Defendant is without sufficient knowledge or information to form a belief as to the truth of the averments in this paragraph and, therefore, no response is required. Plaintiff is put to his proofs.

306.     Answering Defendant is without sufficient knowledge or information to form a belief as to the truth of the averments in this paragraph and, therefore, no response is required. Plaintiff is put to his proofs.

307.     Answering Defendant is without sufficient knowledge or information to form a belief as to the truth of the averments in this paragraph and, therefore, no response is required. Plaintiff is put to his proofs.

308.     To the extent the allegations contained in paragraph 308 refer to a written document, which was not attached to Plaintiff's Complaint, such document speaks for itself and no further response is required.  Furthermore, answering Defendant is without sufficient knowledge or information to form a belief as to the truth of the averments in this paragraph and, therefore, no response is required.  Plaintiff is put to his proofs.

309.     To the extent the allegations contained in paragraph 309 refer to a written document, which was not attached to Plaintiff's Complaint, such document speaks for itself and no further response is required.  Furthermore, answering Defendant is without sufficient knowledge or information to form a belief as to the truth of the averments in this paragraph and, therefore, no response is required.  Plaintiff is put to his proofs.

-45-

310.     To the extent the allegations contained in paragraph 310 refer to a written document, which was not attached to Plaintiff's Complaint, such document speaks for itself and no further response is required.  Furthermore, answering Defendant is without sufficient knowledge or information to form a belief as to the truth of the averments in this paragraph and, therefore, no response is required.  Plaintiff is put to his proofs.

311.     The allegations contained in paragraph 311 pertain to a co-Defendant for which no response is required.  Plaintiff is put to his proofs.  Furthermore, to the extent that the allegations purport to set forth a claim for relief against this Defendant, they are denied.

312.     To the extent the allegations contained in paragraph 312 refer to written documents, which was not attached to Plaintiff's Complaint, such documents speak for themselves and no further response is required.  Furthermore, answering Defendant is without sufficient knowledge or information to form a belief as to the truth of the averments in this paragraph and, therefore, no response is required.  Plaintiff is put to his proofs.

313.     The allegations contained in paragraph 313 pertain to a co-Defendant for which no response is required.  Furthermore, the allegations contained in this paragraph refer to a written document, which was not attached to Plaintiff's Complaint.  Such document speaks for itself and no further response is required.  Finally, to the extent that the allegations contained in this paragraph purport to set forth a claim for relief against this Defendant, they are denied.

314.     Answering Defendant is without sufficient knowledge or information to form a belief as to the truth of the averments in this paragraph and, therefore, no response is required.  Plaintiff is put to his proofs.

315.     To the extent the allegations contained in paragraph 315 refer to written documents, which were not attached to Plaintiff's Complaint, such documents speak for

-46-

themselves and no further response is required.  Furthermore, the allegations contained in this paragraph pertain to a co-Defendant for which no response is required.

316.    Answering Defendant is without sufficient knowledge or information to form a belief as to the truth of the averments in this paragraph and, therefore, no response is required. Furthermore, the allegations contained in this paragraph pertain to a co-Defendant for which no response is required.  Plaintiff is put to his proofs.

317.    Answering Defendant is without sufficient knowledge or information to form a belief as to the truth of the averments in this paragraph and, therefore, no response is required. Furthermore, the allegations contained in this paragraph pertain to a co-Defendant for which no response is required.  Plaintiff is put to his proofs.

318.    Answering Defendant is without sufficient knowledge or information to form a belief as to the truth of the averments in this paragraph and, therefore, no response is required. Furthermore, the allegations contained in this paragraph pertain to a co-Defendant for which no response is required.  Plaintiff is put to his proofs.

319.    Answering Defendant is without sufficient knowledge or information to form a belief as to the truth of the averments in this paragraph and, therefore, no response is required. Furthermore, the allegations contained in this paragraph pertain to a co-Defendant for which no response is required.  Plaintiff is put to his proofs.  Finally, answering Defendant denies all allegations directed against it in this paragraph.

320.    It is admitted that no Tiger Inn officer or graduate Board member was formally interviewed in conjunction with the Title IX investigation.  Answering Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining averments in this paragraph and, therefore, no response is required.  Plaintiff is put to his proofs.

-47-

321.    The allegations contained in paragraph 321 pertain to a co-Defendant for which no response is required.  Answering Defendant denies all allegations directed against it in this paragraph.

322.    Upon information and belief, it is admitted that Plaintiff filed a Title IX Cross-Complaint against Roe.  Answering Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining averments in this paragraph and, therefore, no response is required.  Plaintiff is put to his proofs.

323.    The allegations contained in paragraph 323 pertain to a co-Defendant for which no response is required.  Furthermore, answering Defendant is without sufficient knowledge or information to form a belief as to the truth of the averments in this paragraph and, therefore, no response is required.  Finally, to the extent the allegations contained in this paragraph purport to set forth a claim for relief against this Defendant, they are denied.

324.    The allegations contained in paragraph 324 pertain to a co-Defendant for which no response is required.  Furthermore, answering Defendant is without sufficient knowledge or information to form a belief as to the truth of the averments in this paragraph and, therefore, no response is required.  Finally, to the extent the allegations contained in this paragraph purport to set forth a claim for relief against this Defendant, they are denied.

325.    The allegations contained in paragraph 325 pertain to a co-Defendant for which no response is required.  Furthermore, answering Defendant is without sufficient knowledge or information to form a belief as to the truth of the averments in this paragraph and, therefore, no response is required.  Finally, to the extent the allegations contained in this paragraph purport to set forth a claim for relief against this Defendant, they are denied.

326.     The allegations contained in paragraph 326 pertain to a co-Defendant for which no response is required.  Furthermore, answering Defendant is without sufficient knowledge or information to form a belief as to the truth of the averments in this paragraph and, therefore, no response is required.  Finally, to the extent the allegations contained in this paragraph purport to set forth a claim for relief against this Defendant, they are denied.

327.     The allegations contained in paragraph 327 pertain to a co-Defendant for which no response is required.  Furthermore, answering Defendant is without sufficient knowledge or information to form a belief as to the truth of the averments in this paragraph and, therefore, no response is required.  Finally, to the extent the allegations contained in this paragraph purport to set forth a claim for relief against this Defendant, they are denied.

328.     Answering Defendant is without sufficient knowledge or information to form a belief as to the truth of the averments in this paragraph and, therefore, no response is required.  Plaintiff is put to his proofs.

329.     Answering Defendant is without sufficient knowledge or information to form a belief as to the truth of the averments in this paragraph and, therefore, no response is required.  Plaintiff is put to his proofs.

330.     Answering Defendant is without sufficient knowledge or information to form a belief as to the truth of the averments in this paragraph and, therefore, no response is required.  Furthermore, the allegations contained in this paragraph pertain to a co-Defendant for which no response is required.  Plaintiff is put to his proofs.

331.     The allegations contained in paragraph 331 pertain to a co-Defendant for which no response is required.  To the extent that the allegations contained in this paragraph purport to set forth a claim for relief against this Defendant, they are denied.

-49-

332.    The allegations contained in paragraph 332 pertain to a co-Defendant for which no response is required.  To the extent that the allegations contained in this paragraph purport to set forth a claim for relief against this Defendant, they are denied.

333.    The allegations contained in paragraph 333 pertain to a co-Defendant for which no response is required.  Furthermore, answering Defendant is without sufficient knowledge or information to form a belief as to the truth of the averments in this paragraph and, therefore, no response is required.  Finally, to the extent that the allegations contained in this paragraph purport to set forth a claim for relief against this Defendant, they are denied.

334.    Answering Defendant is without sufficient knowledge or information to form a belief as to the truth of the averments in this paragraph and, therefore, no response is required. Plaintiff is put to his proofs.

335.    Answering Defendant is without sufficient knowledge or information to form a belief as to the truth of the averments in this paragraph and, therefore, no response is required. Plaintiff is put to his proofs.

336.    To the extent the allegations contained in paragraph 336 refer to written documents, which were not attached to Plaintiff's Complaint, such documents speak for themselves and no further response is required.  Furthermore, the allegations contained in this paragraph pertain to a co-Defendant for which no response is required.  Plaintiff is put to his proofs.

337.    To the extent the allegations contained in paragraph 337 refer to written documents, which were not attached to Plaintiff's Complaint, such documents speak for themselves and no further response is required.  Furthermore, the allegations contained in this

-50-

paragraph pertain to a co-Defendant for which no response is required.  Plaintiff is put to his proofs.

338.    To the extent the allegations contained in paragraph 338 refer to written documents, which were not attached to Plaintiff's Complaint, such documents speak for themselves and no further response is required.  Furthermore, the allegations contained in this paragraph pertain to a co-Defendant for which no response is required.  Plaintiff is put to his proofs.

339.    To the extent the allegations contained in paragraph 339 refer to written documents, which were not attached to Plaintiff's Complaint, such documents speak for themselves and no further response is required.  Furthermore, the allegations contained in this paragraph pertain to a co-Defendant for which no response is required.  Plaintiff is put to his proofs.

340.    To the extent the allegations contained in paragraph 340 refer to written documents, which were not attached to Plaintiff's Complaint, such documents speak for themselves and no further response is required.  Furthermore, the allegations contained in this paragraph pertain to a co-Defendant for which no response is required.  Plaintiff is put to his proofs.  Finally, to the extent that the allegations contained in this paragraph purport to set forth a claim for relief against this Defendant, they are denied.

341.    The allegations contained in paragraph 341 pertain to a co-Defendant for which no response is required.  Furthermore, the allegations contained in this paragraph refer to written documents, which were not attached to Plaintiff's Complaint.  Such documents speak for themselves and no further response is required.  Finally, to the extent that the allegations

-51-

contained in this paragraph purport to set forth a claim for relief against this Defendant, they are denied.

342.    Answering Defendant is without sufficient knowledge or information to form a belief as to the truth of the averments in this paragraph and, therefore, no response is required. Furthermore, the allegations contained in this paragraph pertain to a co-Defendant for which no response is required.  Plaintiff is put to his proofs.

343.    Answering Defendant is without sufficient knowledge or information to form a belief as to the truth of the averments in this paragraph and, therefore, no response is required. Furthermore, the allegations contained in this paragraph pertain to a co-Defendant for which no response is required.  Plaintiff is put to his proofs.

344.    Answering Defendant is without sufficient knowledge or information to form a belief as to the truth of the averments in this paragraph and, therefore, no response is required. Furthermore, the allegations contained in this paragraph pertain to a co-Defendant for which no response is required.  Plaintiff is put to his proofs.

345.    Answering Defendant is without sufficient knowledge or information to form a belief as to the truth of the averments in this paragraph and, therefore, no response is required. Furthermore, the allegations contained in this paragraph pertain to a co-Defendant for which no response is required.  Plaintiff is put to his proofs.

346.    Answering Defendant is without sufficient knowledge or information to form a belief as to the truth of the averments in this paragraph and, therefore, no response is required. Furthermore, the allegations contained in this paragraph pertain to a co-Defendant for which no response is required.  Plaintiff is put to his proofs.

347.    To the extent the allegations contained in paragraph 347 refer to a written document, which was not attached to Plaintiff's Complaint, such document speaks for itself and no further response is required.  Furthermore, the allegations contained in this paragraph pertain to a co-Defendant for which no response is required.  Finally, to the extent that the allegations contained in this paragraph purport to set forth a claim for relief against this Defendant, they are denied.

348.    To the extent the allegations contained in paragraph 348 refer to a written document, which was not attached to Plaintiff's Complaint, such document speaks for itself and no further response is required.  Furthermore, the allegations contained in this paragraph pertain to a co-Defendant for which no response is required.  Finally, to the extent that the allegations contained in this paragraph purport to set forth a claim for relief against this Defendant, they are denied.

349.    To the extent the allegations contained in paragraph 349 refer to a written document, which was not attached to Plaintiff's Complaint, such document speaks for itself and no further response is required.  Furthermore, the allegations contained in this paragraph pertain to a co-Defendant for which no response is required.  Answering Defendant denies allegations of hazing and coercion leading up to Plaintiff's encounter with Roe.

350.    The allegations contained in paragraph 350 pertain to a co-Defendant for which no response is required.  Furthermore, the allegations contained in this paragraph refer to a written document, which was not attached to Plaintiff's Complaint.  Such document speaks for itself and no further response is required.  Finally, Answering Defendant denies that Plaintiff was in any way coerced during his time at the Tiger Inn.

351.    The allegations contained in paragraph 351 pertain to a co-Defendant for which no response is required.  Furthermore, the allegations contained in this paragraph refer to a written document, which was not attached to Plaintiff's Complaint.  Such document speaks for itself and no further response is required.  Plaintiff is put to his proofs.

352.    Upon information and belief, the allegations contained in paragraph 352 are admitted.

353.    Answering Defendant is without sufficient knowledge or information to form a belief as to the truth of the averments in this paragraph and, therefore, no response is required. Plaintiff is put to his proofs.

354.    Answering Defendant is without sufficient knowledge or information to form a belief as to the truth of the averments in this paragraph and, therefore, no response is required. Plaintiff is put to his proofs.

355.    The allegations contained in paragraph 355 pertain to a co-Defendant for which no response is required.  Furthermore, the allegations contained in this paragraph refer to a written document, which was not attached to Plaintiff's Complaint.  Such document speaks for itself and no further response is required.  Finally, to the extent any of the allegations contained in this paragraph purport to set forth a claim for relief against this Defendant, they are denied.

356.    The allegations contained in paragraph 356 pertain to a co-Defendant for which no response is required.  Furthermore, the allegations contained in this paragraph refer to a written document, which was not attached to Plaintiff's Complaint.  Such document speaks for itself and no further response is required.  Finally, to the extent any of the allegations contained in this paragraph purport to set forth a claim for relief against this Defendant, they are denied.

357.    The allegations contained in paragraph 357 are denied.

-54-

358.    The allegations contained in paragraph 358 pertain to a co-Defendant for which no response is required.  Furthermore, the allegations contained in this paragraph refer to written documents, which were not attached to Plaintiff's Complaint.  Such documents speak for themselves and no further response is required.

359.    The allegations contained in paragraph 359 pertain to a co-Defendant for which no response is required.  Furthermore, the allegations contained in this paragraph refer to written documents, which were not attached to Plaintiff's Complaint.  Such documents speak for themselves and no further response is required.  Finally, Answering Defendant is without sufficient knowledge or information to form a belief as to the truth of the averments in this paragraph and, therefore, no response is required.  Plaintiff is put to his proofs.

360.    The allegations contained in paragraph 360 pertain to a co-Defendant for which no response is required.  Furthermore, the allegations contained in this paragraph refer to written documents, which were not attached to Plaintiff's Complaint.  Such documents speak for themselves and no further response is required.  Finally, Answering Defendant is without sufficient knowledge or information to form a belief as to the truth of the averments in this paragraph and, therefore, no response is required.  Plaintiff is put to his proofs.

361.    The allegations contained in paragraph 361 pertain to a co-Defendant for which no response is required.  Furthermore, the allegations contained in this paragraph refer to written documents, which were not attached to Plaintiff's Complaint.  Such documents speak for themselves and no further response is required.  Finally, Answering Defendant is without sufficient knowledge or information to form a belief as to the truth of the averments in this paragraph and, therefore, no response is required.  Plaintiff is put to his proofs.

LEGAL/123928710.v1

362.     To the extent the allegations contained in paragraph 362 set forth conclusions of law, no response is required.  Furthermore, the allegations contained in this paragraph pertain to a co-Defendant for which no response is required.  Plaintiff is put to his proofs.

363.     The allegations contained in paragraph 363 refer to a written document, which was not attached to Plaintiff's Complaint.  Such document speaks for itself and no further response is required.  Furthermore, the allegations contained in this paragraph pertain to a co-Defendant for which no response is required.  Finally, to the extent any of the allegations contained in this paragraph purport to set forth a claim for relief against this Defendant, they are denied.

364.     The allegations contained in paragraph 364 refer to a written document, which was not attached to Plaintiff's Complaint.  Such document speaks for itself and no further response is required.  Plaintiff is put to his proofs.

365.     The allegations contained in paragraph 365 refer to a written document, which was not attached to Plaintiff's Complaint.  Such document speaks for itself and no further response is required.  Furthermore, the allegations contained in this paragraph pertain to a co-Defendant for which no response is required.  Finally, to the extent any of the allegations contained in this paragraph purport to set forth a claim for relief against this Defendant, they are denied.

366.     The allegations contained in paragraph 366 refer to a written document, which was not attached to Plaintiff's Complaint.  Such document speaks for itself and no further response is required.  Furthermore, the allegations contained in this paragraph pertain to a co-Defendant for which no response is required.  Finally, to the extent any of the allegations

-56-

contained in this paragraph purport to set forth a claim for relief against this Defendant, they are denied.

367.    The allegations contained in paragraph 367 refer to a written document, which was not attached to Plaintiff's Complaint.  Such document speaks for itself and no further response is required.  Furthermore, the allegations contained in this paragraph pertain to a co-Defendant for which no response is required.  Finally, to the extent any of the allegations contained in this paragraph purport to set forth a claim for relief against this Defendant, they are denied.

368.    The allegations contained in paragraph 368 refer to a written document, which was not attached to Plaintiff's Complaint.  Such document speaks for itself and no further response is required.  Furthermore, the allegations contained in this paragraph pertain to a co-Defendant for which no response is required.  Finally, to the extent any of the allegations contained in this paragraph purport to set forth a claim for relief against this Defendant, they are denied.

369.    The allegations contained in paragraph 369 refer to a written document, which was not attached to Plaintiff's Complaint.  Such document speaks for itself and no further response is required.  Furthermore, the allegations contained in this paragraph pertain to a co-Defendant for which no response is required.  Finally, to the extent any of the allegations contained in this paragraph purport to set forth a claim for relief against this Defendant, they are denied.

370.    The allegations contained in paragraph 370 refer to a written document, which was not attached to Plaintiff's Complaint.  Such document speaks for itself and no further response is required.  Furthermore, the allegations contained in this paragraph pertain to a co-

-57-

Defendant for which no response is required.  Finally, to the extent any of the allegations contained in this paragraph purport to set forth a claim for relief against this Defendant, they are denied.

371.    The allegations contained in paragraph 371 refer to a written document, which was not attached to Plaintiff's Complaint.  Such document speaks for itself and no further response is required.  Furthermore, the allegations contained in this paragraph pertain to a co-Defendant for which no response is required.  Finally, to the extent any of the allegations contained in this paragraph purport to set forth a claim for relief against this Defendant, they are denied.

372.    The allegations contained in paragraph 372 refer to a written document, which was not attached to Plaintiff's Complaint.  Such document speaks for itself and no further response is required.  Furthermore, the allegations contained in this paragraph pertain to a co-Defendant for which no response is required.  Finally, to the extent any of the allegations contained in this paragraph purport to set forth a claim for relief against this Defendant, they are denied.

373.    The allegations contained in paragraph 373 refer to a written document, which was not attached to Plaintiff's Complaint.  Such document speaks for itself and no further response is required.  Furthermore, the allegations contained in this paragraph pertain to a co-Defendant for which no response is required.  Finally, to the extent any of the allegations contained in this paragraph purport to set forth a claim for relief against this Defendant, they are denied.

374.    The allegations contained in paragraph 374 refer to a written document, which was not attached to Plaintiff's Complaint.  Such document speaks for itself and no further

response is required.  Furthermore, the allegations contained in this paragraph pertain to a co-Defendant for which no response is required.  Finally, to the extent any of the allegations contained in this paragraph purport to set forth a claim for relief against this Defendant, they are denied.

375.    The allegations contained in paragraph 375 refer to a written document, which was not attached to Plaintiff's Complaint.  Such document speaks for itself and no further response is required.  Furthermore, the allegations contained in this paragraph pertain to a co-Defendant for which no response is required.  Finally, to the extent any of the allegations contained in this paragraph purport to set forth a claim for relief against this Defendant, they are denied.

376.    The allegations contained in paragraph 376 refer to a written document, which was not attached to Plaintiff's Complaint.  Such document speaks for itself and no further response is required.  Furthermore, the allegations contained in this paragraph pertain to a co-Defendant for which no response is required.  Finally, to the extent any of the allegations contained in this paragraph purport to set forth a claim for relief against this Defendant, they are denied.

377.    The allegations contained in paragraph 377 refer to a written document, which was not attached to Plaintiff's Complaint.  Such document speaks for itself and no further response is required.  Furthermore, the allegations contained in this paragraph pertain to a co-Defendant for which no response is required.  Finally, to the extent any of the allegations contained in this paragraph purport to set forth a claim for relief against this Defendant, they are denied.

378.     The allegations contained in paragraph 378 refer to a written document, which was not attached to Plaintiff's Complaint.  Such document speaks for itself and no further response is required.  Furthermore, the allegations contained in this paragraph pertain to a co-Defendant for which no response is required.  Finally, to the extent any of the allegations contained in this paragraph purport to set forth a claim for relief against this Defendant, they are denied.

379.     The allegations contained in paragraph 379 refer to a written document, which was not attached to Plaintiff's Complaint.  Such document speaks for itself and no further response is required.  Furthermore, the allegations contained in this paragraph pertain to a co-Defendant for which no response is required.  Finally, to the extent any of the allegations contained in this paragraph purport to set forth a claim for relief against this Defendant, they are denied.

380.     The allegations contained in paragraph 380 refer to a written document, which was not attached to Plaintiff's Complaint.  Such document speaks for itself and no further response is required.  Furthermore, the allegations contained in this paragraph pertain to a co-Defendant for which no response is required.  Finally, to the extent any of the allegations contained in this paragraph purport to set forth a claim for relief against this Defendant, they are denied.

381.     The allegations contained in paragraph 381 refer to a written document, which was not attached to Plaintiff's Complaint.  Such document speaks for itself and no further response is required.  Furthermore, the allegations contained in this paragraph pertain to a co-Defendant for which no response is required.  Finally, to the extent any of the allegations

contained in this paragraph purport to set forth a claim for relief against this Defendant, they are denied.

382.     The allegations contained in paragraph 382 refer to a written document, which was not attached to Plaintiff's Complaint.  Such document speaks for itself and no further response is required.  Furthermore, the allegations contained in this paragraph pertain to a co-Defendant for which no response is required.  Finally, to the extent any of the allegations contained in this paragraph purport to set forth a claim for relief against this Defendant, they are denied.

383.     The allegations contained in paragraph 383 pertain to a co-Defendant for which no response is required.  Plaintiff is put to his proofs.

384.     The allegations contained in paragraph 384 refer to a written document, which was not attached to Plaintiff's Complaint.  Such document speaks for itself and no further response is required.  Furthermore, the allegations contained in this paragraph pertain to a co-Defendant for which no response is required.  Finally, to the extent any of the allegations contained in this paragraph purport to set forth a claim for relief against this Defendant, they are denied.

385.     The allegations contained in paragraph 385 pertain to a co-Defendant for which no response is required.  Furthermore, answering Defendant denies all allegations relating to the initiation process at the Tiger Inn and puts Plaintiff to his proofs.

386.     The allegations contained in paragraph 386 refer to a written document, which was not attached to Plaintiff's Complaint.  Such document speaks for itself and no further response is required.  Furthermore, the allegations contained in this paragraph pertain to a co-Defendant for which no response is required.  Finally, to the extent any of the allegations

contained in this paragraph purport to set forth a claim for relief against this Defendant, they are denied.

387.    The allegations contained in paragraph 387 refer to a written document, which was not attached to Plaintiff's Complaint.  Such document speaks for itself and no further response is required.  Furthermore, the allegations contained in this paragraph pertain to a co-Defendant for which no response is required.  Finally, to the extent any of the allegations contained in this paragraph purport to set forth a claim for relief against this Defendant, they are denied.

388.    The allegations contained in paragraph 388 refer to a written document, which was not attached to Plaintiff's Complaint.  Such document speaks for itself and no further response is required.  Furthermore, the allegations contained in this paragraph pertain to a co-Defendant for which no response is required.  Finally, to the extent any of the allegations contained in this paragraph purport to set forth a claim for relief against this Defendant, they are denied.

389.    The allegations contained in paragraph 389 pertain to a co-Defendant for which no response is required.  Furthermore, to the extent any of the allegations contained in this paragraph purport to set forth a claim for relief against this Defendant, they are denied.

390.    The allegations contained in paragraph 390 pertain to a co-Defendant for which no response is required.  Furthermore, answering Defendant is without sufficient knowledge or information to form a belief as to the truth of the averments in this paragraph and, therefore, no response is required.  Finally, answering Defendant denies all allegations pertaining to actions that occurred during the Tiger Inn initiation.

-62-

391.    The allegations contained in paragraph 391 refer to a written document, which was not attached to Plaintiff's Complaint.  Such document speaks for itself and no further response is required.  Furthermore, the allegations contained in this paragraph pertain to a co-Defendant for which no response is required.  Plaintiff is put to his proofs.

392.    The allegations contained in paragraph 392 pertain to a co-Defendant for which no response is required.  Furthermore, answering Defendant denies that Plaintiff was subjected to hazing by the Tiger Inn.

393.    To the extent the allegations contained in paragraph 393 pertain to a co-Defendant, no response is required.  Answering Defendant denies all allegations contained in this paragraph directed against it.

394.    The allegations contained in paragraph 394 refer to a written document, which was not attached to Plaintiff's Complaint.  Such document speaks for itself and no further response is required.  Furthermore, the allegations contained in this paragraph pertain to a co-Defendant for which no response is required.  Finally, to the extent any of the allegations contained in this paragraph purport to set forth a claim for relief against this Defendant, they are denied.

395.    The allegations contained in paragraph 395 refer to a written document, which was not attached to Plaintiff's Complaint.  Such document speaks for itself and no further response is required.  Furthermore, the allegations contained in this paragraph pertain to a co-Defendant for which no response is required.  Answering Defendant denies all allegations contained in this paragraph directed against it.

-63-

396.    The allegations contained in paragraph 396 pertain to a co-Defendant for which no response is required.  Furthermore, answering Defendant denies all allegations contained in this paragraph directed against it.

397.    The allegations contained in paragraph 397 are denied.

398.    The allegations contained in paragraph 398 pertain to a co-Defendant for which no response is required.

399.    The allegations contained in paragraph 399 pertain to a co-Defendant for which no response is required.

400.    The allegations contained in paragraph 400 pertain to a co-Defendant for which no response is required.  Furthermore, it is denied that Plaintiff was subjected to sexual harassment and a hostile environment as a result of the Tiger Inn initiation.

401.    The allegations contained in paragraph 401 pertain to a co-Defendant for which no response is required.  Furthermore, it is denied that Plaintiff was subjected to sexual harassment and a hostile environment as a result of the Tiger Inn initiation.

402.    Answering Defendant is without sufficient knowledge or information to form a belief as to the truth of the averments in this paragraph and, therefore, no response is required. Plaintiff is put to his proofs.

403.    The allegations contained in paragraph 403 pertain to a co-Defendant for which no response is required.  Furthermore, answering Defendant is without sufficient knowledge or information to form a belief as to the truth of the averments in this paragraph and, therefore, no response is required.  Plaintiff is put to his proofs.

404.    The allegations contained in paragraph 404 pertain to a co-Defendant for which no response is required.  Plaintiff is put to his proofs.

-64-

405.    The allegations contained in paragraph 405 are denied.

406.    The allegations contained in paragraph 406 pertain to a co-Defendant for which no response is required.

407.    The allegations contained in paragraph 407 pertain to a co-Defendant for which no response is required.

408.    The allegations contained in paragraph 408 pertain to a co-Defendant for which no response is required.

409.    The allegations contained in paragraph 409 pertain to a co-Defendant for which no response is required.

## *AS AND FOR A FIRST CAUSE OF ACTION*

410.    Defendant, Tiger Inn, repeats its responses to all allegations of Plaintiff's Complaint as if same were set forth fully herein.

411.    The allegations contained in paragraph 411 set forth conclusions of law for which no response is required.  Plaintiff is put to his proofs.

412.    The allegations contained in paragraph 412 pertain to a co-Defendant for which no response is required.

413.    The allegations contained in paragraph 413 pertain to a co-Defendant for which no response is required.

414.    The allegations contained in paragraph 414 set forth conclusions of law for which no response is required.  Plaintiff is put to his proofs.

415.    To the extent the allegations contained in paragraph 415 set forth conclusions of law, no response is required.  Furthermore, the allegations contained in this paragraph refer to written documents, which were not attached to Plaintiff's Complaint.  Such documents speak for

-65-

themselves and no further response is required.  Finally, the allegations contained in this paragraph pertain to a co-Defendant for which no response is required.

416.    To the extent the allegations contained in paragraph 416 set forth conclusions of law, no response is required.  Furthermore, the allegations contained in this paragraph refer to written documents, which were not attached to Plaintiff's Complaint.  Such documents speak for themselves and no further response is required.  Finally, the allegations contained in this paragraph pertain to a co-Defendant for which no response is required.

417.    To the extent the allegations contained in paragraph 417 set forth conclusions of law, no response is required.  Furthermore, the allegations contained in this paragraph refer to written documents, which were not attached to Plaintiff's Complaint.  Such documents speak for themselves and no further response is required.  Finally, the allegations contained in this paragraph pertain to a co-Defendant for which no response is required.

418.    To the extent the allegations contained in paragraph 418 set forth conclusions of law, no response is required.  Furthermore, the allegations contained in this paragraph refer to written documents, which were not attached to Plaintiff's Complaint.  Such documents speak for themselves and no further response is required.  Finally, the allegations contained in this paragraph pertain to a co-Defendant for which no response is required.

419.    To the extent the allegations contained in paragraph 419 set forth conclusions of law, no response is required.  Furthermore, the allegations contained in this paragraph refer to written documents, which were not attached to Plaintiff's Complaint.  Such documents speak for themselves and no further response is required.  Finally, the allegations contained in this paragraph pertain to a co-Defendant for which no response is required.

420.    To the extent the allegations contained in paragraph 420 set forth conclusions of law, no response is required.  Furthermore, the allegations contained in this paragraph refer to written documents, which were not attached to Plaintiff's Complaint.  Such documents speak for themselves and no further response is required.  Finally, the allegations contained in this paragraph pertain to a co-Defendant for which no response is required.

421.    To the extent the allegations contained in paragraph 421 set forth conclusions of law, no response is required.  Furthermore, the allegations contained in this paragraph refer to written documents, which were not attached to Plaintiff's Complaint.  Such documents speak for themselves and no further response is required.  Finally, the allegations contained in this paragraph pertain to a co-Defendant for which no response is required.  Finally, answering Defendant denies all allegations contained in this paragraph and its subparagraphs.

422.    To the extent the allegations contained in paragraph 422 set forth conclusions of law, no response is required.  Furthermore, the allegations contained in this paragraph refer to written documents, which were not attached to Plaintiff's Complaint.  Such documents speak for themselves and no further response is required.  Finally, the allegations contained in this paragraph pertain to a co-Defendant for which no response is required.  Finally, answering Defendant denies all allegations contained in this paragraph and its subparagraphs.

423.    The allegations contained in paragraph 423 pertain to a co-Defendant for which no response is required.

424.    The allegations contained in paragraph 424 pertain to a co-Defendant for which no response is required.

425.    The allegations contained in paragraph 425 pertain to a co-Defendant for which no response is required.

426.    The allegations contained in paragraph 426 pertain to a co-Defendant for which no response is required.  Furthermore, to the extent any of the allegations contained in this paragraph pertain to this Defendant, they are denied.

427.    The allegations contained in paragraph 427 pertain to a co-Defendant for which no response is required.  Furthermore, to the extent any of the allegations contained in this paragraph pertain to this Defendant, they are denied.

## *AS AND FOR A SECOND CAUSE OF ACTION*

428.    Answering Defendant hereby incorporates by reference its responses to all allegations of the prior paragraphs of Plaintiff's Complaint as if same were set forth fully herein.

429.    To the extent the allegations contained in paragraph 429 set forth conclusions of law, no response is required.  Furthermore, the allegations contained in this paragraph pertain to a co-Defendant for which no response is required.

430.    To the extent the allegations contained in paragraph 430 set forth conclusions of law, no response is required.  Furthermore, the allegations contained in this paragraph pertain to a co-Defendant for which no response is required.

431.    To the extent the allegations contained in paragraph 431 set forth conclusions of law, no response is required.  Furthermore, the allegations contained in this paragraph pertain to a co-Defendant for which no response is required.

432.    To the extent the allegations contained in paragraph 432 set forth conclusions of law, no response is required.  Furthermore, the allegations contained in this paragraph pertain to a co-Defendant for which no response is required.

433.    To the extent the allegations contained in paragraph 433 set forth conclusions of law, no response is required.  Furthermore, the allegations contained in this paragraph pertain to a co-Defendant for which no response is required.

434.    To the extent the allegations contained in paragraph 434 set forth conclusions of law, no response is required.  Furthermore, the allegations contained in this paragraph pertain to a co-Defendant for which no response is required.

435.    To the extent the allegations contained in paragraph 435 set forth conclusions of law, no response is required.  Furthermore, the allegations contained in this paragraph pertain to a co-Defendant for which no response is required.

436.    To the extent the allegations contained in paragraph 436 set forth conclusions of law, no response is required.  Furthermore, the allegations contained in this paragraph pertain to a co-Defendant for which no response is required.

437.    To the extent the allegations contained in paragraph 437 set forth conclusions of law, no response is required.  Furthermore, the allegations contained in this paragraph pertain to a co-Defendant for which no response is required.

438.    To the extent the allegations contained in paragraph 438 set forth conclusions of law, no response is required.  Furthermore, the allegations contained in this paragraph pertain to a co-Defendant for which no response is required.

439.    The allegations contained in paragraph 439 and its subparagraphs pertain to a co-Defendant for which no response is required.

440.    The allegations contained in paragraph 440 and its subparagraphs pertain to a co-Defendant for which no response is required.

441.    The allegations contained in paragraph 441 pertain to a co-Defendant for which no response is required.

442.    The allegations contained in paragraph 442 pertain to a co-Defendant for which no response is required.

443.    The allegations contained in paragraph 443 pertain to a co-Defendant for which no response is required.

444.    The allegations contained in paragraph 444 pertain to a co-Defendant for which no response is required.

445.    The allegations contained in paragraph 445 pertain to a co-Defendant for which no response is required.

## *AS AND FOR A THIRD CAUSE OF ACTION*

446.    Answering Defendant hereby incorporates by reference its responses to all allegations of the prior paragraphs of Plaintiff's Complaint as if same were set forth fully herein.

447.    To the extent the allegations contained in paragraph 447 set forth conclusions of law, no response is required.  Furthermore, the allegations contained in this paragraph pertain to a co-Defendant for which no response is required.

448.    To the extent the allegations contained in paragraph 448 set forth conclusions of law, no response is required.  Furthermore, the allegations contained in this paragraph pertain to a co-Defendant for which no response is required.

449.    To the extent the allegations contained in paragraph 449 set forth conclusions of law, no response is required.  Furthermore, the allegations contained in this paragraph pertain to a co-Defendant for which no response is required.

LEGAL/123928710.v1

450.    To the extent the allegations contained in paragraph 450 set forth conclusions of law, no response is required.  Furthermore, the allegations contained in this paragraph pertain to a co-Defendant for which no response is required.

451.    To the extent the allegations contained in paragraph 451 set forth conclusions of law, no response is required.  Furthermore, the allegations contained in this paragraph pertain to a co-Defendant for which no response is required.

452.    To the extent the allegations contained in paragraph 452 set forth conclusions of law, no response is required.  Furthermore, the allegations contained in this paragraph pertain to a co-Defendant for which no response is required.

453.    The allegations contained in paragraph 453 pertain to a co-Defendant for which no response is required.  Answering Defendant denies any and all allegations contained in this paragraph asserted against it.

454.    The allegations contained in paragraph 454 are denied.

455.    The allegations contained in paragraph 455 pertain to a co-Defendant for which no response is required.  Answering Defendant denies any and all allegations contained in this paragraph asserted against it.

456.    The allegations contained in paragraph 456 pertain to a co-Defendant for which no response is required.  Answering Defendant denies any and all allegations contained in this paragraph asserted against it.

457.    The allegations contained in paragraph 457 are denied.

458.    The allegations contained in paragraph 458 are denied.

-71-

459. The allegations contained in paragraph 459 pertain to a co-Defendant for which no response is required. Furthermore, answering Defendant denies any and all allegations contained in this paragraph asserted against it.

460. The allegations contained in paragraph 460 pertain to a co-Defendant for which no response is required. Answering Defendant denies any and all allegations contained in this paragraph asserted against it.

461. The allegations contained in paragraph 461 pertain to a co-Defendant for which no response is required. Answering Defendant denies any and all allegations contained in this paragraph asserted against it.

462. The allegations contained in paragraph 462 pertain to a co-Defendant for which no response is required. Answering Defendant denies any and all allegations contained in this paragraph asserted against it.

463. The allegations contained in paragraph 463 pertain to a co-Defendant for which no response is required. Answering Defendant denies any and all allegations contained in this paragraph asserted against it.

464. The allegations contained in paragraph 464 pertain to a co-Defendant for which no response is required. Answering Defendant denies any and all allegations contained in this paragraph asserted against it.

465. The allegations contained in paragraph 465 pertain to a co-Defendant for which no response is required. Answering Defendant denies any and all allegations contained in this paragraph asserted against it.

LEGAL/123928710.v1

466.     The allegations contained in paragraph 466 pertain to a co-Defendant for which no response is required.  Answering Defendant denies any and all allegations contained in this paragraph asserted against it.

467.     The allegations contained in paragraph 467 pertain to a co-Defendant for which no response is required.  Answering Defendant denies any and all allegations contained in this paragraph asserted against it.

468.     The allegations contained in paragraph 468 pertain to a co-Defendant for which no response is required.  Answering Defendant denies any and all allegations contained in this paragraph asserted against it.

469.     The allegations contained in paragraph 469 are denied.

470.     The allegations contained in paragraph 470 pertain to a co-Defendant for which no response is required.  Answering Defendant denies any and all allegations contained in this paragraph asserted against it.

471.     The allegations contained in paragraph 471 pertain to a co-Defendant for which no response is required.  Furthermore, answering Defendant denies any and all allegations contained in this paragraph asserted against it.

472.     The allegations contained in paragraph 472 pertain to a co-Defendant for which no response is required.  Furthermore, answering Defendant denies any and all allegations contained in this paragraph asserted against it.

473.     The allegations contained in paragraph 473 pertain to a co-Defendant for which no response is required.  Furthermore, answering Defendant denies any and all allegations contained in this paragraph asserted against it.

LEGAL/123928710.v1

474.     The allegations contained in paragraph 474 pertain to a co-Defendant for which no response is required.  Furthermore, answering Defendant denies any and all allegations contained in this paragraph asserted against it.

475.     The allegations contained in paragraph 475 pertain to a co-Defendant for which no response is required.  Furthermore, answering Defendant denies any and all allegations contained in this paragraph asserted against it.

476.     The allegations contained in paragraph 476 pertain to a co-Defendant for which no response is required.  Answering Defendant denies the allegations directed against it contained in this paragraph.

477.     The allegations contained in paragraph 477 pertain to a co-Defendant for which no response is required.

478.     The allegations contained in paragraph 478 pertain to a co-Defendant for which no response is required.

479.     The allegations contained in paragraph 479 pertain to a co-Defendant for which no response is required.

480.     The allegations contained in paragraph 480 pertain to a co-Defendant for which no response is required.  Answering Defendant denies any and all allegations contained in this paragraph directed against it.

481.     The allegations contained in paragraph 481 pertain to a co-Defendant for which no response is required.

482.     The allegations contained in paragraph 482 pertain to a co-Defendant for which no response is required.

LEGAL/123928710.v1

483.    The allegations contained in paragraph 483 pertain to a co-Defendant for which no response is required.

## *AS AND FOR A FOURTH CAUSE OF ACTION*

484.    Answering Defendant hereby incorporates by reference its responses to all allegations of the prior paragraphs of Plaintiff's Complaint as if same were set forth fully herein.

485.    The allegations contained in paragraph 485 set forth conclusions of law for which no response is required.  Furthermore, the allegations contained in this paragraph pertain to a co-Defendant for which no response is required.

486.    The allegations contained in paragraph 486 pertain to a co-Defendant for which no response is required.

487.    The allegations contained in paragraph 487 pertain to a co-Defendant for which no response is required.  Answering Defendant denies any and all allegations pertaining to hazing and sexual harassment at Tiger Inn.

488.    The allegations contained in paragraph 488 pertain to a co-Defendant for which no response is required.

489.    The allegations contained in paragraph 489 pertain to a co-Defendant for which no response is required.

490.    The allegations contained in paragraph 490 pertain to a co-Defendant for which no response is required.

491.    The allegations contained in paragraph 491 pertain to a co-Defendant for which no response is required.

492.    The allegations contained in paragraph 492 pertain to a co-Defendant for which no response is required.

-75-

493.     The allegations contained in paragraph 493 pertain to a co-Defendant for which no response is required.

## *AS AND FOR A FIFTH CAUSE OF ACTION*

494.     Answering Defendant hereby incorporates by reference its responses to all allegations of the prior paragraphs of Plaintiff's Complaint as if same were set forth fully herein.

495.     The allegations contained in paragraph 495 pertain to a co-Defendant for which no response is required.

496.     The allegations contained in paragraph 496 pertain to a co-Defendant for which no response is required.

497.     The allegations contained in paragraph 497 pertain to a co-Defendant for which no response is required.

498.     The allegations contained in paragraph 498 pertain to a co-Defendant for which no response is required.

## *AS AND FOR A SIXTH CAUSE OF ACTION*

499.     Answering Defendant hereby incorporates by reference its responses to all allegations of the prior paragraphs of Plaintiff's Complaint as if same were set forth fully herein.

500.     The allegations contained in paragraph 500 pertain to a co-Defendant for which no response is required.

501.     The allegations contained in paragraph 501 pertain to a co-Defendant for which no response is required.

502.     The allegations contained in paragraph 502 pertain to a co-Defendant for which no response is required.

-76-

503.    The allegations contained in paragraph 503 pertain to a co-Defendant for which no response is required.

504.    The allegations contained in paragraph 504 pertain to a co-Defendant for which no response is required.  Furthermore, answering Defendant denies any and all allegations relating to hazing, assault and harassment as referenced in this paragraph.

505.    The allegations contained in paragraph 505 pertain to a co-Defendant for which no response is required.  Furthermore, answering Defendant denies any and all allegations relating to hazing, assault and harassment as referenced in this paragraph.

506.    The allegations contained in paragraph 506 pertain to a co-Defendant for which no response is required.

507.    The allegations contained in paragraph 507 pertain to a co-Defendant for which no response is required.

## *AS AND FOR A SEVENTH CAUSE OF ACTION*

508.    Answering Defendant hereby incorporates by reference its responses to all allegations of the prior paragraphs of Plaintiff's Complaint as if same were set forth fully herein.

509.    The allegations contained in paragraph 509 pertain to a co-Defendant for which no response is required.

510.    The allegations contained in paragraph 510 pertain to a co-Defendant for which no response is required.

511.    The allegations contained in paragraph 511 pertain to a co-Defendant for which no response is required.

512.    The allegations contained in paragraph 512 pertain to a co-Defendant for which no response is required.

-77-

513.     The allegations contained in paragraph 513 and its subparagraphs pertain to a co-Defendant for which no response is required.  Furthermore, answering Defendant denies all allegations contained in this paragraph directed against it.

514.     The allegations contained in paragraph 514 pertain to a co-Defendant for which no response is required.

515.     The allegations contained in paragraph 515 pertain to a co-Defendant for which no response is required.

### *AS AND FOR AN EIGHTH CAUSE OF ACTION*

516.     Answering Defendant hereby incorporates by reference its responses to all allegations of the prior paragraphs of Plaintiff's Complaint as if same were set forth fully herein.

517.     The allegations contained in paragraph 517 pertain to co-Defendants for which no response is required.

518.     The allegations contained in paragraph 518 pertain to co-Defendants for which no response is required.

519.     The allegations contained in paragraph 519 pertain to co-Defendants for which no response is required.

520.     The allegations contained in paragraph 520 pertain to co-Defendants for which no response is required.

521.     The allegations contained in paragraph 521 pertain to co-Defendants for which no response is required.  Furthermore, answering Defendant denies all allegations contained in this paragraph directed against it.

522.     The allegations contained in paragraph 522 pertain to co-Defendants for which no response is required.

-78-

523.    The allegations contained in paragraph 523 pertain to co-Defendants for which no response is required.

524.    The allegations contained in paragraph 524 pertain to co-Defendants for which no response is required.

### AS AND FOR A NINTH CAUSE OF ACTION

525.    Answering Defendant hereby incorporates by reference its responses to all allegations of the prior paragraphs of Plaintiff's Complaint as if same were set forth fully herein.

526.    The allegations contained in paragraph 526 pertain to co-Defendants for which no response is required.

527.    The allegations contained in paragraph 527 pertain to co-Defendants for which no response is required.

528.    The allegations contained in paragraph 528 pertain to co-Defendants for which no response is required.

529.    The allegations contained in paragraph 529 pertain to co-Defendants for which no response is required.

530.    The allegations contained in paragraph 530 pertain to co-Defendants for which no response is required.

531.    The allegations contained in paragraph 531 pertain to co-Defendants for which no response is required.

### AS AND FOR A TENTH CAUSE OF ACTION

532.    Answering Defendant hereby incorporates by reference its responses to all allegations of the prior paragraphs of Plaintiff's Complaint as if same were set forth fully herein.

533.    The allegations contained in paragraph 533 are admitted.

-79-

534.    The allegations contained in paragraph 534 are denied.

535.    The allegations contained in paragraph 535 are denied.

536.    To the extent the allegations contained in paragraph 536 pertain to documents, which were not attached to Plaintiff's Complaint, such documents speak for themselves and no further response is required.

537.    The allegations contained in paragraph 537 pertain a document, which was not attached to Plaintiff's Complaint.  Such document speaks for itself and no further response is required.

538.    The allegations contained in paragraph 538 are denied.

539.    The allegations contained in paragraph 539 are denied.

540.    The allegations contained in paragraph 540 are denied.

541.    The allegations contained in paragraph 541 are denied.

542.    The allegations contained in paragraph 542 are denied.

### *AS AND FOR AN ELEVENTH CAUSE OF ACTION*

543.    Answering Defendant hereby incorporates by reference its responses to all allegations of the prior paragraphs of Plaintiff's Complaint as if same were set forth fully herein.

544.    It is admitted that Plaintiff was offered associate membership at the Tiger Inn. The remaining allegations of this paragraph are neither admitted nor denied and Plaintiff is put to his proofs.

545.    It is admitted that Plaintiff was invited to initiation night at the Tiger Inn.

546.    To the extent the allegations contained in paragraph 546 set forth conclusions of law, no response is required.  Plaintiff is put to his proofs.

547.    The allegations contained in paragraph 547 are denied.

-80-

548.    The allegations contained in paragraph 548 are denied.

549.    The allegations contained in paragraph 549 are denied.

550.    The allegations contained in paragraph 550 are denied.

## *AS AND FOR A TWELFTH CAUSE OF ACTION*

551.    Answering Defendant hereby incorporates by reference its responses to all allegations of the prior paragraphs of Plaintiff's Complaint as if same were set forth fully herein.

552.    The allegations contained in paragraph 552 set forth conclusions of law for which no response is required.  Plaintiff is put to his proofs.

553.    The allegations contained in paragraph 553 set forth conclusions of law for which no response is required.  Plaintiff is put to his proofs.

554.    The allegations contained in paragraph 554 are denied.

555.    The allegations contained in paragraph 555 are denied.

556.    The allegations contained in paragraph 556 are denied.

557.    The allegations contained in paragraph 557 are denied.

## *PRAYER FOR RELIEF*

WHEREFORE, answering Defendant, Tiger Inn, demands judgment in its favor and against Plaintiff, together with interest, costs, attorney's fees and such other relief as this Court deems proper.

## *SEPARATE DEFENSES*

1.    The answering Defendant was not negligent.

2.    The answering Defendant performed each and every duty which was owed to the Plaintiff.

-81-

3.      No duty was owed to the Plaintiff.

4.      The Complaint of the Plaintiff is barred by the application of the appropriate

Statute of Limitations.

5.      The incident described in the Complaint was caused wholly or partly by the

negligence, recklessness or intentional acts of the Plaintiff and Plaintiff is barred from recovery

or the recovery is reduced thereby.

6.      The alleged injuries of the Plaintiff were caused in whole or in part by third

parties over whom the answering Defendant had no control.

7.      The Complaint of the Plaintiff, in whole or in part, fails to state a claim upon

which relief may be granted against the answering Defendant and Defendant reserves the right to

move at the time of trial or prior thereto to dismiss the Complaint of the Plaintiff, in whole or in

part.

8.      The claims of the Plaintiff are barred by the Entire Controversy Doctrine and the

Mandatory Counterclaim Rule.

9.      This matter is barred by the application of the Doctrine of Res Judicata and/or

Collateral Estoppel.

10.     Plaintiff's Complaint should be dismissed because of Plaintiff's failure to exhaust

his administrative remedies.

11.     The Plaintiff has failed to mitigate his damages.

12.     Answering Defendant acted in good faith at all times.

13.     Answering Defendant hereby asserts the immunities afforded under the New

Jersey Charitable Immunity Act.

14.     No act or conduct by answering Defendant caused any injury, damage or loss to Plaintiff.

15.     At all relevant times, answering Defendant was in compliance with local, State and Federal statute, rules, regulations, and ordinances.

16.     The Court lacks jurisdiction over all, or portions, of Plaintiff's claims against Answering Defendant.

17.     Plaintiff has failed to provide timely and adequate notice of his claim.

18.     Plaintiff's claim is barred and/or limited by the applicable disclaimers and/or limitation of damages provisions.

19.     Plaintiff's claims are barred and/or limited as a result of Plaintiff's failure to fulfill the conditions precedent, and failure to comply with, the terms and conditions of the contract, express or implied, under which Plaintiff asserts his cause of action.

20.     Plaintiff's claims fail, in whole or in part, by virtue of a lack of causation.

### *CROSSCLAIM FOR CONTRIBUTION*

Answering Defendant, Tiger Inn, demands contribution pursuant to the Joint Tortfeasors Contribution Law and the Comparative Negligence Act from the co-Defendants, The Trustees of Princeton University, Michele Minter, Regan Hunt Crotty, Joyce Chen Shueh, and Edward White.

### *CROSSCLAIM FOR INDEMNIFICATION*

Should there be any finding of negligence on the part of this answering Defendant (which is denied), answering Defendant hereby demands indemnification from co-Defendants, The Trustees of Princeton University, Michele Minter, Regan Hunt Crotty, Joyce Chen Shueh, and

-83-

Edward White, pursuant to express or implied contract and by reason of the fact that any

negligence on the part of this Defendant would be passive or secondary in nature whereas the

negligence of one or more of the other Defendants is active or primary in nature.


### ***DEMAND FOR JURY TRIAL***

        ***PLEASE TAKE NOTICE*** that answering Defendant, Tiger Inn, demands a trial by jury

as to all issues.


                                **MARSHALL DENNEHEY**
                                **WARNER COLEMAN & GOGGIN**

                        By:    */s/ Richard L. Goldstein*
                                RICHARD L. GOLDSTEIN, ESQ.
                                Attorney for Defendant,
                                Tiger Inn

                                15000 Midlantic Drive, Suite 200
                                P.O. Box 5429
                                Mount Laurel, NJ  08054
                                TEL:  (856) 414-6000
                                FAX:  (856) 414-6077
                                E-MAIL:  rlgoldstein@mdwcg.com


DATE:  July 26, 2019